**FIRST NAT. BANK OF FORT WORTH v. DONALD et al.**

**No. 13137.**

Court of Civil Appeals of Texas. Fort Worth.

April 26, 1935.

Rehearing Denied June 7, 1935.

Perkins & Culbertson, of Fort Worth, for appellant.

Homer B. Latham and Donald & Donald, all of Bowie, for appellees.

LATTIMORE, Justice.

The warehouse receipt was, as far as here pertinent, as follows:

"Original

    "Receipt for One Bale of Cotton

        "Bowie, Texas, 8–19–1929

            "No. 3229.

    "Received of D. H. Price & Company, of Bowie, Texas, on the above date the below described one bale of cotton: On the presentation and return of this receipt to the warehouse above named and the payment of all charges said cotton will be delivered immediately to ——— or to ——— order properly indorsed on the back hereof.

    "Bowie Cotton Warehouse

    "By [signed] A. R. Southerland, Manager

"Note: the form of this receipt is approved by the Commissioner of Markets and Warehouses."

In that form the deliveree pledged it to appellant who. is now the holder of same upon the past-due and unpaid pledge.

The cotton securing it was delivered by appellee warehouseman to a cotton mill at the request of Price & Co. after the pledge and without the assent or knowledge of appellant. Appellee did not know of the negotiation of the cotton tickets and warehouseman's receipt to appellant.

R. S. art. 5616 defines a negotiable warehouse receipt as follows: "A receipt in which it is stated that the goods received will be delivered to the order of any person named in such receipt is a negotiable receipt. No provision shall be inserted in a negotiable receipt that it is nonnegotiable. Such provision, if inserted shall be void."

This receipt conformed to those specifications, except that there was not "any person named in such receipt," but a blank space was left in that receipt where the name of such person would be written.

R. S. art. 5663 provides: "In any case not provided for in this chapter, the rules of law and equity, including the law merchant" shall govern. R. S. art. 5664: "'Purchaser' includes mortgagee and pledgee."

■ By the law merchant if a bill is delivered with the name of the payee left blank, "the person in possession thereof has a prima facie authority to complete it by filling up the blanks therein." R. S. art. 5932, § 14: "In order * * * that any such instrument when completed may be enforced against any person who became a party thereto prior to its completion, it must be filled up strictly in accordance with the authority given." Therefore the holder thereof had the right to put the name of D. H. Price & Co. in the blank. Appellant became the purchaser from D. H. Price & Co., who delivered the receipt to appellant. As such, appellant was entitled to the indorsement of D. H. Price & Co. R. S. art. 5934, § 49: "Where the holder of an instrument payable to his order transfers it for value without indorsing it, the transfer vests in the transferee such title as the transferor had therein, and the transferee acquires, in addition, the right to have the indorsement of the transferor." Likewise R. S. art. 5653 provides that "a person to whom a receipt has been transferred but not negotiated, acquires thereby, as against the transferrer, the title of the goods, subject to the terms of any agreement with the transferrer." In this case the only agreement appellant had

with the transferor, D. H. Price & Co., was the pledge to secure borrowed money and this suit is in compliance with that pledge. National Bank of Cleburne v. Citizens' National Bank, 41 Tex. Civ. App. 535, 93 S. W. 209.

■ Our view that this is a negotiable receipt is strengthened by the statutory requirement that "a nonnegotiable receipt shall have plainly placed upon its face by the warehouseman issuing it, 'non-negotiable,' or 'not negotiable.'" R. S. art. 5618. This receipt was not so labeled. Such statute further provides: "In case of the warehouseman's failure so to do, a holder of the receipt who purchased it for value supposing it to be negotiable, may, at his option, treat such receipt as imposing upon the warehouseman the same liabilities he would have incurred had the receipt been negotiable." Appellant so treated this receipt.

The cotton was on the date of the conversion of the reasonable market value of $1,962.27.

The judgment of the trial court, which refused appellant judgment against A. R. Southerland, is reversed and judgment here rendered for appellant against A. R. Southerland for $1,962.27 and interest at 6 per cent. per annum from January 20, 1934. The judgment in favor of appellant against those liable on the note remains undisturbed. For whatever sums appellant collects against said Southerland hereunder, the said Southerland is given judgment over against D. H. Price and Paul Donald. Likewise any such sum so received by appellant will be credited upon its judgment below rendered in its favor against those liable on the note.

## On Motion for Rehearing.

■ Appellee Southerland seems not to understand our statement that the purchaser of the warehouse receipt, since such a receipt was a negotiable one, had the right to fill in the blanks and insist that the filling them in according to the original contract would make the receipt nonnegotiable. Not so. The receipt read that the cotton would be delivered upon payment of charges, etc., "to ——— or ——— order." Of course, the authority is not only to fill in one blank but to fill in each. This is the rule of the law merchant and is also provided for in article 5624, Rev. St., as follows: "If the alteration was authorized, the warehouse-

man shall be liable according to the terms of the receipt as altered."

The motion for rehearing of appellee Paul Donald is granted, since the judgment below was instructed in his favor, and it does not appear by the undisputed evidence that the loan was obtained from the appellant for his benefit, or that he was a partner in D. H. Price & Co. at the time of the conversion of the cotton or that D. H. Price in procuring the conversion of the cotton was acting in behalf of any one other than himself; and no party to this appeal has sought the remand of this case for the disposition of these issues of fact.

■ The other motion we believe to be not well taken. Southerland issued a negotiable receipt to D. H. Price & Co. and same was lawfully pledged to the appellant. Southerland, who delivered the cotton without presentation of these negotiable receipts, did so at his peril.

Our judgment heretofore rendered, in so far as the same authorizes judgment in favor of Southerland over against Paul Donald, is reformed so as to eliminate that order from the decree. In all other respects all motions are overruled.