### McCASKILL v. DAVIS.

No. 5074.

Court of Civil Appeals of Texas. Amarillo.

Nov. 6, 1939.

W. F. Nix, of Amarillo, for appellant.
Grady L. Fox, of Amarillo, for appellee.

JACKSON, Chief Justice.

The agreed statement of facts in this case discloses that the appellant, on August 24, 1938, instituted this suit in the County Court of Randall County against the appellee, W. E. Davis, to recover an alleged indebtedness for the sum of $296.86. At the same time the appellant made an affidavit, filed a sufficient attachment bond and secured the issuance of a writ of attachment because he asserted that the appellee was about to convert his property or a part thereof into money for the purpose of placing it beyond the reach of his creditors.

The writ of attachment was delivered to the Sheriff of Randall County, who, on August 25, 1938, went to the home of appellee, who resided in Randall County, delivered to him the citation theretofore issued in the case, and exhibited to him the writ of attachment. After a conversation with him the sheriff advised appellee that he would levy on ten head of milch cows and proceeded to write into the writ the following statement: "Seized and levied upon the following described property in the possession of W. E. Davis, to-wit: 10 head of Holstein cows valued at $300.00." The cattle were in a pasture, a part of the three-quarters of a section of land leased by the appellee, none of which were taken into possession by the sheriff nor disturbed in any way. On the following day the appellee made a replevy bond and his possession of the cattle so levied upon was never disturbed.

On motion of appellee the affidavit for the writ of attachment was held to be defective and the writ quashed because it omitted the words, "and this writ of attachment is not sued out to injure the defendant".

The appellee answered by general denial and filed a cross-action against the appellant to recover the sum of $135 actual damages and $265 exemplary damages.

W. E. Black was made a party to the suit on appellee's cross-action but the court sustained a general demurrer to the cause of action alleged against him and he was dismissed from the case by appellee.

The appellee claimed some credits on the account of $296.86 sued on by the appellant but admitted that he was indebted to appellant in the sum of $252.86. He testified that he did not lose any milk or butter by reason of the wrongful attachment; that the cows were not damaged and were never taken out of his possession, but says he spent $25 driving over the country getting someone to sign his replevy bond; that after he replevied the cattle he sold them but not for the purpose of putting them beyond the reach of his creditors; that the ten cows on which the attachment was attempted to be levied were mortgaged and he informed the mortgagee of the attachment, who advised him to sell the cows and pay the mortgage debt; that the cows were each of the reasonable market value of $100, but because of the advice of the mortgagee he sold them for $57.50 per head and he would not have sold them but for the writ of attachment.

The case on agreement of counsel was submitted to the jury without a written charge, a verdict returned awarding appellee the sum of $100 and judgment rendered denying appellant any recovery but decreed

the appellee damages in the sum of $100, from which judgment this appeal is prosecuted.

The testimony relative to appellant's personal difficulties with other parties about collecting accounts was obviously inadmissible.

In view of the agreed facts the appellee was not entitled to recover any of the damages he sought to recover against appellant in his cross-action. Johnson v. King & Davidson, 64 Tex. 226; Pye et al. v. Cardwell, 110 Tex. 572, 222 S.W. 153; Osborn v. Paul, Tex.Civ.App., 27 S.W.2d 572; Williams v. De Baca et al., Tex.Civ.App., 113 S.W.2d 566.

The appellee having admitted in his testimony that he was indebted on the account sued for in the sum of $252.86, the court should have instructed a verdict for that amount. Appellant requests that the judgment be reversed and rendered in his behalf for $267.86, with costs, but the agreed statement shows that the difference between the amount of $252.86 and $267.86 was a controverted issue. The appellant states in his brief that the amount exceeding the sum of $267.86 was disputed in the testimony.

The appellant made no motion for judgment non obstante veredicto and without such motion the court generally is not authorized to render a judgment notwithstanding the verdict of the jury, Stallings v. Federal Underwriters Exchange, Tex.Civ.App., 108 S.W.2d 449, but in this case no judgment except one for the appellant was authorized and under such circumstances this court has authority to reverse and render.

In Vogel et al. v. Allen, 118 Tex. 196, 13 S.W.2d 340, 341, the Supreme Court said:

"It is a general rule that the court is not authorized to render a judgment notwithstanding the findings of the jury. Fant v. Sullivan (Tex.Civ.App.) 152 S.W. 515; Taylor v. Davis (Tex.Civ.App.) 234 S.W. 104; Lemm et al. v. Miller et al. (Tex.Civ. App.) 245 S.W. 90.

"There is, however, a well-recognized exception to this rule to the effect that where, under no view of the pleadings and evidence, the plaintiff is entitled to recover, the submission of the issues and the findings of the jury are immaterial, and may be disregarded by the court. Hays v. Stone, 36 Tex. 181; Baker v. Coleman Abstract Co. (Tex.Civ.App.) 248 S.W. 412; Ferguson v. Kuehn et al. (Tex.Civ.App.) 246 S.W. 674; Crowley v. Chapman (Tex. Civ.App.) 260 S.W. 231; Hicks v. Armstrong (Tex.Civ.App.) 142 S.W. 1195; Stark v. George (Tex.Civ.App.) 237 S.W. 948.

"Under no view of the pleadings and evidence were appellants entitled to recover against appellee; hence the court properly ignored the findings of the jury and rendered judgment for appellee."

The judgment is reversed and here rendered that appellant have and recover of and against the appellee the sum of $252.86 and costs, together with interest at the rate of 6% per annum from October 4, 1938, until paid, provided appellant waives the sum sued for in excess thereof; if he does not, the judgment will be reversed and the cause remanded.