## STEPHENS et al. v. UNDERWOOD.
### No. 2198.

Court of Civil Appeals of Texas. Eastland.
Nov. 28, 1941.

J. A. Johnson, of Stephenville, for appellants.

R. L. Thompson, of Stephenville, for appellee.

LESLIE, Chief Justice.

J. H. Underwood sued A. J. Turley, W. C. Savage and Geo. Stephens on a promissory note for $165 dated November 15, 1935 and due November 15, 1936. Turley was principal and the others his sureties. The suit originated in the justice court resulting in a judgment for plaintiff, and Stephens prosecuted appeal.

In the County Court Stephens answered by general demurrer, special denial, plea of limitation, and alleged "he did not sign and has never signed any note dated November 15, 1935 due and payable to J. H. Underwood on the 15th day of November, 1936, for the sum of $165" etc.

The trial in the County Court was before the court and jury. Two special issues were submitted: "Do you find from a preponderance of the evidence in this case that at the time Geo. Stephens signed the note sued on in this case, the due date of such note was not filled in but was left blank?" Jury's answer "Yes." "Do you find from

a preponderance of the evidence in this case that at the time Geo. Stephens signed the note in evidence in this case that the due date of November 15, 1936 was not written on the face of said note?" Jury's answer "Yes."

At the close of the testimony, the plaintiff Underwood moved for an instructed verdict and judgment. After the verdict was returned the defendant Stephens moved for judgment on the verdict. Underwood at no time moved for judgment notwithstanding the verdict. The trial court, nevertheless, rendered judgment in favor of plaintiff Underwood. This must have been on the theory that the evidence, as a matter of law, established the liability of Stephens and that the issues submitted were immaterial.

The note was introduced and plaintiff Underwood testified that he wrote it with the date and the due date as specified therein. The evidence does not cast any reflection upon the integrity of the instrument which does not show to have been in any way defaced or mutilated. It is in the same hand writing, apparently written by the same pen and ink and all written at the same time. The plaintiff so testified.

The defendant Stephens, who alone appealed from the justice court, and later to this court, testified in part as follows:

"In 1933 I was living in West Texas and had been for sometime, my son, Cecil Stephens, and myself were engaged in farming * * *. In the fall of 1933, Mr. Turley sent me a renewal note to sign. I did not sign it but sent it back to him. He sent it back to me and I signed it on December 2, 1933. I never signed any other note renewing this * * *. At the time the note was sent back to me I was in a hurry and did not notice what date it bore or what date it was due on. I do not know whether either of these dates were filled in. I am sure I would have noticed it if the note was dated November 15, 1935, and was payable November 15, 1936. I do not remember how the note read that he signed, but I do not think it was filled in the way it now appears or I would have noticed it. I am positive that I never did sign a note for Mr. Turley to Jim Underwood dated November 15, 1935, and due November 15, 1936. After I signed the note in 1933, I mailed it to Mr. Turley and have never heard anything about it since that time until a renewal note was presented to me to sign dated November 1, 1938,

and due November 1, 1939. The first note I signed for Mr. Turley was in 1927 and the second note I signed for him was signed by me on December 2, 1933. * * * My signature appears on the note introduced in evidence but I did not sign that note with the dates filled in, the due date, November 15, 1936, and the date of November 15, 1935. * * *

"Yes that is my signature, and I do not deny it, but I do deny I signed a note dated November 15, 1935 and due November 15, 1936."

Defendant Savage testified in part: "I did not notice at the time whether the date of the note was filled in or whether the due date was filled in * * *. I cannot say positively what year it was that I signed this last note."

A. J. Turley testified in part: "I could not read and for that reason I do not know and cannot say whether the dates in this renewal note were filled in or not * * *. My memory is not good and I cannot say what year this was, but I do know Mr. Stephens signed the note while he lived in West Texas, and I do know that I have not signed a note or asked Mr. Stephens to sign a note for me since that time."

Cecil Stephens, son of appellant, testified that his father signed a note, and in part says: "This was in 1933, and on December 2, 1933, he signed the note and sent it to Mr. Turley. I saw the note but did not read it carefully. I just glanced at it and I do not know whether the dates were filled in or not."

To the same effect is the testimony of Mrs. Geo. Stephens, wife of appellant. She says: "I cannot say whether the note was dated or whether the due date was in the note, all I can say is this: that on December 2, 1933 my husband signed a note and since that time so far as I know he has not signed a note as surety for Mr. Turley to Mr. Underwood."

In substance, the jury found (1) that at the time Stephens signed the note its due date was blank, and (2) at such time "the due date of November 15, 1936 was not written on the face of the note." Stephens' whole defense is built on the proposition that the date of the note was blank, or that, in any event, it did not carry the date November 15, 1936. Otherwise, he does not attempt to challenge the obligation evidenced by the note. Assuming he presented a sufficient plea of non est fac-

tum under the statute it is evident that he destroyed the same by his testimony. Questioned while on the witness stand as to whether he signed the note he testified " * * * yes that is my signature and I do not deny it * * *." Hence, under the testimony of plaintiff Underwood or defendant Stephens, or the testimony as a whole, the note was admissible in evidence and entitled to controlling effect as against any challenge made of the same.

Further, the strongest case made by appellant's testimony is that he signed and put in circulation an instrument carrying a blank due date. If such be true, he did not testify what date was intended to be or should have been inserted in the blank. There is neither pleading nor testimony by the appellant that the due date of November 15, 1936 is not the proper date. If the blank (if any) was filled after delivery by him there is no evidence by appellant as to who filled it, or that the one filling it was without authority to do so, or filled it in any manner contrary to previous understanding of Stephens and the other interested parties. If the appellee Underwood filled in the blank *after* the note was delivered to him (of which there is no evidence) there is no contention that he exceeded any authority conferred on him by the delivery of the instrument to him in blank. There is no evidence that he, or anyone else, at any time made any insertion in the blank other than that which was necessary to make the instrument speak according to its intended purpose and use.

Section 14 of Article 5932, Vernon's Ann.Civ.St., in part, reads: "Where the instrument is wanting in any material particular, the person in possession thereof has a prima facie authority to complete it by filling up the blanks therein." Construing sections of the negotiable instrument law relating to filling in blanks and the alteration of notes, etc., our Supreme Court in Curlee Clothing Co. v. Wickliffe, 126 Tex. 573, 91 S.W.2d 677, 679, said: "Long before the Negotiable Instruments Law was in force, the general rule was announced that where a party to a negotiable instrument intrusts it to the custody of another, with blanks not filled in, such negotiable instrument carries on its face an implied authority to fill in the blanks and perfect the instrument, so far as consistent with its printed words." Citing many authorities.

In 8 C.J., p. 183, sec. 313, 10 C.J. S., Bills and Notes, § 136 the above provision of the statute is set out accompanied by the statement that this provision is merely declaratory of the common law. It is then stated in the text (8 C.J. sec. 314) "The implied power to fill blanks extends to all parts of the paper, even to the promise itself, and the pronoun 'I' or 'we' may be inserted. It also includes the signature; the name of the drawee or the payee; the date; the time or place of payment; * * *." 10 C.J.S., Bills and Notes, § 136. In the same text (8 C.J. p. 731, sec. 1013) the rule is stated in this language: "The general rule is that the delivery of a negotiable instrument containing blanks which are meant to be filled carries with it prima facie an implied authority to fill these blanks in such a way as apparently is in conformity with the purpose and character of the instrument." 10 C.J.S., Bills and Notes, § 509.

As we view the case, the findings of the jury are upon issues which are immaterial under the undisputed facts of the case, and for that reason the action of the court in rendering judgment for the plaintiff is correct and presents no question of judgment non obstante veredicto under the provisions of Art. 2211, R.S.1925, as amended in 1931, Vernon's Ann.Civ.St. art. 2211. McGee v. Cage, Tex.Civ.App., 283 S.W. 283; Bewley Mills et al. v. First Nat. Bank, Tex.Civ.App., 110 S.W.2d 201; Robichaux v. Bordages, Tex.Civ.App., 48 S.W.2d 698; Texas Steel Co. v. Rockholt, Tex.Civ.App., 142 S.W.2d 842; Brokaw v. Collett et al., Tex.Com.App., 1 S.W.2d 1090; Miller v. Fenner, Deane & Ungerleider, Tex.Civ. App., 89 S.W.2d 506, 509, 512; Magnolia Pet. Co. v. Connellee, Tex.Com.App., 11 S. W.2d 158; Vogel v. Allen, 118 Tex. 196, 13 S.W.2d 340. Under no view of the pleadings and evidence was appellant entitled to a judgment. McCaskill v. Davis, Tex.Civ. App., 134 S.W.2d 738; Vogel v. Allen, 118 Tex. 196, 13 S.W.2d 340. It was, therefore, proper for the court to disregard the findings of the jury and render judgment for plaintiff.

For the reasons assigned, the judgment of the trial court is affirmed.