## SENTINEL FIRE INS. CO. v. ANDERSON.
### No. 5720.

Court of Civil Appeals of Texas. Amarillo.
Sept. 23, 1946.

**650**

Simpson, Clayton & Fullingim, of Amarillo, for appellant.

Allison & Chandler, of Levelland, for appellee.

STOKES, Justice.

Appellee instituted this suit against the appellant to recover upon a policy of insurance issued to him by the appellant, in which the appellant agreed to insure appellee against loss or damage to his automobile by collision or upset. He alleged that on the 10th of January, 1946, and while the policy was in force and effect, and while driving upon the highway, his car skidded and overturned, resulting in damage thereto in the amount of $313. The policy contained a provision for a deduction of $50 and appellant sought to recover the full amount of his damages, less the deductible $50.

Issues as indicated by the following discussion were drawn and the case was tried before the court without the intervention of a jury. The trial resulted in a judgment in favor of the appellee for $263, being the amount sued for by him, from which appellant has perfected this appeal.

The record shows that immediately after the accident the appellee went to the office of the appellant's adjuster at Lubbock and reported it to him. The adjuster presented appellee with a proof of loss, which appellee signed and the adjuster then took up negotiations with the operators of three garages or machine shops and procured from each of them estimates as to the cost of repairing the automobile. In one of these estimates, the Cactus Body & Paint Shop agreed to make the repairs for $180.80. In another, the B. & B. Body Works agreed to make them for the sum of $243.99, and in the third estimate the Lubbock Auto Company agreed to make the repairs for the sum of $313. At the time the estimates were procured, appellee's automobile was in the garage of the Lubbock Auto Company. The parties agreed that the estimate or bid of the Cactus Body & Paint Shop, being the lowest of the three, would be accepted and they instructed its employees to procure the car from the Lubbock Auto Company and proceed with the work. After it was taken to the Cactus Shop, appellee and his father went to the shop and for some reason not fully shown, appellee decided he would prefer to have the repairs made at the Lubbock Auto Company. He then had it removed from the Cactus Shop to the shop of the Lubbock Auto Company, where the repairs were made, for which appellee paid the Lubbock Auto Company the sum of $313. He presented the bill to A. O. Garner, appellant's agent and adjuster, for payment, which was refused and appellee thereupon filed this suit.

The principal controversy has reference to the proof of loss and purported agreement of settlement, which were signed by the appellee in the office of the adjuster shortly after the accident. The agreement of settlement, or receipt, recites the essential facts concerning the accident, the issuance and existence of the policy of insurance and that the loss had been adjusted for the sum of $130.80. It then mentions an interest of the Southwestern Investment Company by virtue of a mortgage held by it on the automobile and directs payment of the agreed sum to the appellee and the Southwestern Investment Company. The last portion of it constitutes an agreement that such payment shall fully discharge the appellant from any and all claims arising upon the policy by virtue of the damage caused to the automobile by the accident. It is on the same paper as the proof of loss and constitutes the last portion of the document signed by appellee, although the portion of it reporting the loss is signed separately, and above it.

Appellee contends that these documents were signed in blank by him before the estimates were procured from the repair shops and, therefore, were not binding upon him, while appellant contends they were completed and all blanks filled in prior to the time it was signed. Considering the agreement as valid and binding, appellant tendered to the appellee the amount called for thereby of $130.80 and also tendered the same into court at the trial. Appellee refused to accept the tender and contended he was entitled to recover the full amount of $313, less the deductible $50, which he had paid to the Lubbock Auto Company, and the court, evidently adopting his view, rendered judgment accordingly.

Appellant contends, first, that if the proof of loss and contract of settlement were signed by the appellee before they were filled in and were void for that reason, then the appellee did not comply with the provisions of the policy which require a proof of loss as a condition precedent to his right to recover and, secondly, that if the proof of loss and settlement agreement were signed by him after the blanks were filled in

by the adjuster, then appellee is bound by them and was entitled to recover only the amount tendered to him at and before the trial.

Insofar as the proof of loss is concerned, we do not think it is material whether it was signed before or after the blanks were filled in. There is no controversy as to the facts and no claim that it does not fully report the loss and damage to appellee's automobile. It was accepted by appellant and acted upon by it in the same manner as it would have been had there been no controversy concerning it. We are, therefore, not in accord with appellant's contention that, under any of the circumstances, no proof of loss was furnished as provided by the policy.

As to the agreement of settlement, the question of whether it was signed before or after the blanks were filled in is likewise not important. It is well settled that pursuant to parol authority, blanks of any description may be filled in after an instrument is signed. Such authority may be implied from the facts proved when they fairly justified such an inference. Threadgill v. Butler, 60 Tex. 599; Stephens v. Underwood, Tex.Civ.App., 157 S.W.2d 936; Curlee Clothing Company v. Wickliffe, 126 Tex. 573, 91 S.W.2d 677; Dallas Joint Stock Land Bank v. Burck, Tex.Civ.App., 102 S.W.2d 1074; First National Bank v. Donald, Tex.Civ.App., 84 S.W.2d 325. If one signs an instrument containing blanks, he must be understood to entrust to the person to whom it is delivered the duty of properly filling in the blanks according to the agreement between the parties, and when so filled in the instrument is as good as if it had been originally executed in complete form. It is incumbent upon the party to whom such duty is entrusted to fill in the blanks strictly in accordance with the agreement, however, and, in the absence of innocent holders of negotiable instruments and the like, the party signing the instrument is not bound thereby if the instrument after it is completed does not reflect the true agreement. The question of whether or not the instrument was signed before or after the blanks were filled in was sharply controverted but the court

must have held that it was signed in blank; otherwise he would have rendered a different judgment. Be that as it may, however, we think the case is controlled by a different rule. The policy contained a provision under which the appellant had the option to pay for the loss in money or repair the automobile or such part thereof as might have been damaged. The evidence is convincing that the adjuster and the appellee agreed that appellant would have the car repaired and that the option to do so was exercised by it. The adjuster procured all of the estimates or bids and conducted all of the negotiations concerning the matter of repairing the damage. He made arrangements with the Cactus Body & Paint Shop to repair the damage for the sum of $180.80 and appellee agreed that the car might be taken to that institution and be repaired by it. After it was removed to the Cactus Shop, appellee seems to have become dissatisfied with the arrangement and ordered the car taken to the Lubbock Auto Company's shop. His only reason for doing so was that he and his father went to the Cactus Shop after his automobile had been taken there and they observed a number of other automobiles there which he said were "shabby jobs". He then decided to remove the car to the Lubbock Auto Shop, where the charge for repairing it greatly exceeded the amount which the Cactus Shop had agreed to charge appellant therefor. There was no testimony to the effect that the Cactus Shop would not have made the repairs as efficiently and satisfactorily as the Lubbock Shop nor any valid reason given by appellee for repudiating his agreement to permit appellant to have his car repaired there. Indeed, after appellant exercised its option to have the automobile repaired, instead of paying the loss in money, appellee had no choice in the matter but to acquiesce therein, because the policy plainly so provided. If, perchance, the Cactus Shop had not repaired the car as it should have been, appellee would have had his remedy but it would not have accrued until the appellant failed to have the car repaired in the proper manner. Home Mutual Insurance Company v. Stewart, 105 Colo. 516, 100 P.2d 159; Gage v. Connecticut Fire Insurance Company, 34 Okla. 744, 127 P. 407.

In the absence of evidence or conditions which made it obvious and clear that the Cactus Shop and its mechanics would not or could not have made the repairs and restored the automobile to a condition equal to that in which it was before the accident, the appellee was without any excuse whatever for refusing to permit the appellant to have the repairs made there. And, even if such conditions had existed, he was not justified in denying to it the right to have them made at some other place. Certainly, he was not warranted in arbitrarily denying to the appellant its right under the option clause of the policy and then demanding that it pay an expense materially greater than that which would have been incurred had it been permitted to exercise its option and have the car repaired at a place of its own choice. The court erred, therefore, in rendering judgment in favor of the appellee for the amount expended by him in having his car repaired. The judgment will therefore be reversed and the cause remanded.