# MARCH, 1947

STATE OF TEXAS V. J. M. HUBER CORPORATION ET AL.

No. A-893. Decided February 5, 1947.
Rehearing overruled March 5, 1947.
(199 S. W. 2d Series, 501.)

*Grover Sellers,* Attorney General, *Wm. J. Fanning, Jack Rowland* and *Geo. W. Barcus,* Assistants Attorney General, for petitioner.

*John W. Beveridge,* of Borger, *Critz, Kuykendall, Bauknight, Mann & Stevenson,* of Austin, for J. H. Huber Corporation; *G. R. Pate, John A. Braly, Burney Braly,* of Fort Worth, for Continental Oil Company, respondents.

MR. JUSTICE HICKMAN delivered the opinion of the Court.

Under our view of the controlling question presented for decision in this court, a brief statement of the case is all that is required. This is an action by the State against Continental Oil Company and J. M. Huber Corporation to recover $58,240.00 alleged to be due as annual payments of $2.00 per acre under the terms of an oil and gas lease executed under the provisions of Ch. 140 of the Acts of the 39th Legislature, 1925, amending sub-section 2 of Sec. 7, Ch. 83 of the Acts of the 35th Legislature, 1917, Art. 5344, V. C. S., relating to the prospecting for, and the development of minerals in public lands. In the trial court special exceptions to the State's petition were sustained and the State having declined to amend the suit was dismissed. The

Court of Civil Appeals affirmed the judgment of the trial court. 193 S. W. (2d) 882.

Assignors of respondents fulfilled the conditions of a permit issued under the statutes above referred to and on the faith thereof were issued a lease on the land involved in 1927. That lease was issued upon the form employed for leases under the Act of 1917, above referred to, containing the provision, among others, that the lessee should pay annually the sum of $2.00 per acre during the life of the lease. Subdivision 2 of Sec. 7 of the Act of 1917 had theretofore been amended by the Act of 1925 by which amendment the word "immediately" was substituted for the word "annually." It is the theory of the State that the amendment did not work any change in the law with respect to annual payments. Both the trial court and the Court of Civil Appeals held that under the 1925 amendment annual payments of $2.00 per acre were no .longer required.

■ We concur in that holding. To write further upon the question would be but to restate in our language what is well stated in the opinion of the Court of Civil Appeals.. No need is perceived for doing so. We therefore dispose of this question by the statement that we approve the opinion of the Court of Civil Appeals with respect to the construction and effect of the 1925 amendment.

The State takes the position in this court that, even though under the terms of the statute annual payments were not required of respondents, it is nevertheless entitled to recover therefor because the lease executed by the Commissioner of the General Land Office under which respondents hold contained a provision for annual payments of $2.00 per. acre. A consideration of the record has led to the conclusion that we would not be authorized to consider that question. The petition filed by the State in the trial court did not seek recovery on that ground or theory. On the contrary, it expressly alleged that the Act of 1917, as amended by the Act of 1925, which was made· a part of the deed, "fixed and determined the rights, duties and obligations of said permittee and his· assignees." The whole theory of the petitioner was that no change was effected by the amendment of 1925 with respect to the obligation of the lessee to pay $2.00 per acre annually. The State stood upon that theory, and. expressly alleged that the amended act determined the obligations of the defendants. The petition contained no allegation that the liability of the defendants exceeded that prescribed by the statute.

Not only was this theory not pleaded in the trial court, but it was also not advanced in the brief filed by the State as appellant in the Court of Civil Appeals. The only point of error in its brief which might be said even in general terms to raise the question is point No. 8, reading as follows:

"The court erred in holding that the appellant's pleadings failed to allege any cause of action and in dismissing appellant's suit."·

That point is briefed in but one sentence, as follows:

"For our discussion of this point of error, we refer to and adopt the arguments and authorities under all of the points above."

■ The arguments and authorities referred to were all directed solely to the single question of the proper construction of the statute, and not at all to the question of liability beyond the terms of the statute. The point was raised in the application for writ of error in this court, but it comes too late. In the exercise of our jurisdiction as a court of review we are not authorized to consider a question of this nature which was not before the lower courts and which they were never called upon to decide. We therefore express no opinion as to the merits of the contention.

The point is pressed here that the opinion of the Court of Civil Appeals is in conflict with the opinion of this court in Grayburg Oil Company v. Giles, 143 Texas 497, 186 S. W. (2d) 680. With this we do not agree. It is our view that that court correctly interpreted the opinion in the Grayburg case. In that case mandamus was sought against the Commissioner of the General Land Office on the ground that the lease owned by the relator was upon "submerged lands," and that relator had fulfilled the conditions of the statute bringing it within the exception of the statute with reference to lessees of "submerged lands." The court passed only upon the question before it and was not called upon to consider and did not consider whether the relator was entitled to a mandamus upon some ground not relied upon by it. We have re-examined the record in that case and find that the question here presented for decision was not presented in that case.

The judgments of the courts below are affirmed.

Opinion delivered February 5, 1947.

Rehearing overruled March 5, 1947.

Associate Justice Smedley not sitting.