

# THE ATTORNEY GENERAL

# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

August 15, 1957

Honorable William A. Harrison          Opinion No. WW-230
Commissioner of Insurance
State Board of Insurance          Re:    Senate Bill No. 444, Acts
Austin 14, Texas                                1957, 55th Legislature.

Dear Mr. Harrison:

Your opinion request concerns Senate Bill No. 444, Page 1425, Acts 1957, 55th Legislature, the relevant portions of which are as follows:

"Section 1. Every report, annual report, return, declaration, statement, or other document required to be made by any person, firm, association, company, corporation or other insurance organization under any provisions of the Insurance Code . . . shall contain and be verified by a written declaration that it is made under the penalties of perjury. Such written declaration and verification shall state and provide as follows: 'I declare under the penalties of perjury that I prepared* this (report, annual report, return, declaration, statement, or document, as the case may be) . . . and that this (report . . .), including the accompanying schedules, statements and exhibits is a true, correct, and completed (report . . .) based on all the information relating to this matter as required under the provisions of the Insurance Code . . . '"

We quote from your letter the following:

"In practically all cases the document to which the verification statement pertains is physically prepared by a large number of persons. It is, of course, prepared under the supervision of some particular person who is willing to verify the correctness of the document. However, this person would be unwilling to sign the verification statement to the effect that he <u>prepared</u> the document if the underlined word is to be interpreted so that the verification statement itself would be considered false if its signer is not the person who physically prepared the document but is merely the person who assumed responsibility for its preparation.

---

*Emphasis in all cases supplied.

". . . We respectfully ask your advice as to whether
the person signing the declaration and verification would
be subject to penalty if the verified report, annual re-
port, return, declaration, statement, or document should
be true and correct, even though such report, annual re-
port, etc., has been prepared by the signer only in the
sense that he supervised its preparation."

It is a canon of statutory construction that literal meaning
of the statute may be disregarded where the intent of the law is plain,
ascertainable from its own provisions, and where, to give the language
used a literal meaning, would work an absurdity or manifest injustice.
See, State v. J. M. Huber Corporation, 193 S.W.2d 882 (Civ. App. 1946)
affirmed, 145 Tex. 517, 199 S.W.2d 501 (1947). In determining the sense
in which language is used by the Legislature, we must look to the con-
text and purpose of the legislation. Hidalgo County Drainage District
No. 1 v. Davidson, 102 Tex. 539, 120 S.W. 849 (1909).

The purpose of the Legislature in passing this bill was to pro-
vide a method of verifying written declarations made by the companies
involved. Since, as you have stated, the documents to be verified many
times must be physically prepared by a large number of persons, we would
not imply to the Legislature an intent for the document or report to be
prepared by a single man. Moreover, it would be a manifest injustice
to require someone to verify that he performed an act which may be im-
possible to perform. Therefore it is our opinion that the word "prepared"
in the act refers to supervision of the preparation of the document in-
volved. The person signing the declaration and verification would not
be subject to penalty if the verified report, annual report, return, dec-
laration, statement, or document should be true and correct, even though
such report, annual report, etc., has been prepared by the signer only
in the sense that he supervised its preparation.

## SUMMARY

A person signing the declaration and veri-
fication required by Senate Bill No. 444,
Acts 1957, 55th Legislature, would not be
subject to penalty if the verified report,
annual report, return, declaration, state-
ment, or document should be true and cor-
rect, even though such report, etc., has
been prepared by the signer only in the
sense that he supervised its preparation.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Frank W. Elliott
Frank W. Elliott, Jr.
Assistant

FWE:lm

APPROVED:

OPINION COMMITTEE:

H. Grady Chandler, Chairman

J. W. Wheeler
Leonard Passmore
J. Mark McLaughlin

REVIEWED FOR THE ATTORNEY GENERAL
BY:
      Geo. P. Blackburn