Walter HOLLIDAY, Appellant,

v.

Robert L. ANDERSON et ux., Appellees.

No. 4694.

Court of Civil Appeals of Texas.

Waco.

April 18, 1968.

Jack C. Altaras, Walker, Baker & Altaras, Cleburne, for appellant.

John A. James, Jr., James & Crosier, Cleburne, for appellees.

## OPINION

WILSON, Justice.

This is an action on a promissory note by the payees against the maker. We affirm summary judgment for plaintiffs.

The maker of the note pleaded and presented his affidavit reciting that the date of payment of the note was originally left blank, but plaintiffs filled the blank without authority from him and without his knowledge and consent, by inserting the words, "on demand"; and that the actual oral agreement was that he was to pay the note when he "was able to do so". He now insists that the summary judgment was not authorized because there is a fact issue as to the date of payment, and argues that his affidavit and pleading raise an issue as to whether the note was delivered on condition. He attacks the judgment also on the ground there is a material alteration in the terms of the instrument, which was executed in 1967.

■ Sec. 3–108 of the Texas Uniform Commercial Code (Cf. repealed Art. 5932, Sec. 7, Vernon's Ann.Civ.Stat.) provides in effect that an instrument "in which no time for payment is stated" is payable on demand. The rights of a subsequent holder are not involved in this case. Even if the instrument was physically changed, consequently, there is no alteration in rights or obligation concerning time of payment. They are the same in legal effect with or without the added words. The defense of material alteration is not supportable.

■ The defense that the instrument was "delivered on condition" is untenable. Defendant does not assert or contend that there was a parol agreement affecting delivery, (i. e., that the instrument was not to become effective or operative unless a contingency occurred). The alleged parol agreement that he was to "pay when able" relates solely to the matter of payment of a note that became operative by unconditional delivery. There is a distinction between a parol agreement affecting delivery of a negotiable instrument and one affecting its payment, said Justice Walker in Kuper v. Schmidt, 161 Tex. 189, 338 S.W. 2d 948, 952. As to the latter, the Supreme Court held: "a parol condition or agreement relating to payment of a delivered instrument is not enforceable if it operates to add to, take from or vary the terms of the written agreement". See Schwarz v. Straus-Frank Company, Tex.Civ.App., 382 S.W.2d 176, writ ref., n. r. e.; Fisher v. Howard, Tex.Civ.App., 389 S.W.2d 482, and cases cited.

Defendant next urges that the summary judgment was erroneous because the subsequent insertion by plaintiffs of the word "at" in the note constituted a material alteration invalidating the instrument. The note was prepared and executed originally on a printed form as follows, the names of the payees being typed:

"_____ after date, I, we, or either of us, promise to pay to the order of Mary and Robert L. Anderson The Harlingen National Bank at its Banking House in Harlingen, Texas."

The words "on demand" were subsequently typed in the first blank, and the word, "at" was inserted by typewriting in the space before "The Harlingen National Bank". The printed form was obviously intended originally for use by the bank.

■ In our opinion the insertion of "at" was not a material alteration. Sec. 3–407 (a) of the Texas Uniform Commercial Code, here applicable, provides that any alteration of an instrument "is material which changes the contract of any party

thereto in any respect", including adding to the writing as signed.[1]

 If it may be said that plaintiff "added" the place of payment, the point is controlled by Republic National Bank of Dallas v. Strealy, 163 Tex. 36, 350 S.W.2d 914, where the holder added the place of payment in a blank after the word "at". The maker claimed a material alteration in contravention of Sec. 125 of the Negotiable Instruments Act. The Supreme Court held the holder had prima facie authority to fill the blank by inserting the place of payment; and this implied authority was not negatived or rebutted by testimony that the maker "did not give authority" to insert the place of payment: "It can only be overcome by evidence of an express agreement as to a particular place of payment, or that no place shall be filled in."

The Republic Bank case was based on Sec. 14 of the Uniform Negotiable Instruments Act, Art. 5932, Vernon's Ann.Civ. Stat., now repealed. It has no exact counterpart in the Uniform Commercial Code (Cf. Sec. 3–115). The rule codified in Sec. 14, however, was merely declaratory of the common law, Id., 350 S.W.2d at 918; Stephens v. Underwood, Tex.Civ.App., 157 S.W.2d 936; 10 C.J.S. Bills and Notes § 136c(3) p. 586; and the same rule announced in the Republic Bank case remains in effect. See 10 C.J.S. Bills and Notes § 486, p. 1076.

In our opinion, however, there is no material alteration by insertion of the word "at", and the place of payment is not "added" thereby. The note already and otherwise contained the words "at its banking house in Harlingen, Texas", which unequivocally referred to "The Harlingen National Bank". The only reasonable construction of the language in this form is that its meaning is unchanged by repeating the preposition.

1. Repealed Art. 5939, Sec. 125 of the Negotiable Instruments Act provided that an alteration which "adds a place of payment

Complaint is made of overruling a special exception to the petition. It relates to a cause of action on which recovery was not allowed, and the point is therefore immaterial. Appellant's points are overruled.

Affirmed.

where no place of payment is specified, * * * is a material alteration."