Carlton E. WOLTERS, et al., Appellants,

v.

Herman Devoe WRIGHT, et ux., Appellees.

No. 9081.

Court of Appeals of Texas, Texarkana.

Nov. 23, 1982.

Rehearing Denied Jan. 4, 1983.

Wayne J. Prosperi, Houston, for appellants.

R.L. Miller, Gonzales, Michael L. Herzik, Houston, for appellees.

BLEIL, Justice.

Carlton Wolters and others appeal an order admitting Quentin Schaefer's will to probate. Their points of error concern the trial court's refusal to submit an instruction and evidentiary issues.

Schaefer's relatives contested the probate of his will, which left his property to Herman and Leta Wright, longtime friends. Following Schaefer's death, July 8, 1975, the Wrights applied for probate of his will; a contest was filed. Initially, the jury found that Schaefer lacked testamentary capacity and was unduly influenced at the time the will was executed, August 21, 1970. On appeal, that case was reversed and remanded for a new trial because the findings were so contrary to the evidence as to be manifestly unjust. That decision, *Wright v. Wolters*, 579 S.W.2d 14 (Tex.Civ. App.—Beaumont 1979, writ ref'd n.r.e.), reviews much of the same evidence which was admitted when this case was tried the second time. The second jury failed to find that Quentin Schaefer lacked testamentary capacity or that he was unduly influenced; based upon those findings the trial court ordered the will admitted to probate. We overrule the points of error and affirm the judgment based on the jury's verdict.

We now examine whether the trial court's refusal to submit a requested instruction was error. Concerning the issue of testamentary capacity, the court instructed the jury that:

"By the term 'testamentary capacity' is meant that the person making the will must, at the time the will is executed,

have sufficient mental ability to understand the business in which he is engaged, the effect of his acts in making the will, the capacity to know the objects of his bounty and their claims upon him, and the general nature and extent of his property."

Wolters and the other contestants requested a more lengthy definition, containing an additional requirement that the testator have had

" . . . memory sufficient to collect in his mind the elements of the business to be transacted and to hold them long enough to perceive, at least their obvious relation to each other, and to be able to form a reasonable judgment as to them."

Contestants claim that the trial court was required to give this expanded definition because they adduced evidence tending to show that Quentin Schaefer's memory was not sufficient to collect the elements of the business to be transacted and to hold them long enough to be able to form a reasonable judgment.

■ Our analysis finds Rule 277, Tex. R.Civ.P., at the threshold of this issue. If provides that the court shall submit such explanatory instructions and definitions as are proper to enable the jury to render a verdict. Generally, the form of definitions rests within the discretion of the trial court. *Houston Nat. Bank v. Biber,* 613 S.W.2d 771 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.); *First State Bank & Trust Co. of Edinburg v. George,* 519 S.W.2d 198 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n.r.e.). We test the sufficiency of definitions by whether they are clear enough to enable the jurors to understand the words or phrases. *Houston Nat. Bank v. Biber,* supra; *Gulf Insurance Company v. Vela,* 361 S.W.2d 904 (Tex.Civ.App.—Austin 1962, writ ref'd n.r.e.). The instruction given in this case has long been approved. *Rutherford v. Robbins,* 298 S.W. 549 (Tex. Com.App.1927, holding approved); *Morris v. Morris,* 279 S.W. 806 (Tex.Com.App.1926, holding approved); and more recently *Gillispie v. Reinhardt,* 596 S.W.2d 558 (Tex.Civ. App.—Beaumont 1980, writ ref'd n.r.e.);

*Duke v. Falk,* 463 S.W.2d 245 (Tex.Civ.App. —Austin 1971, no writ). The instruction given defined the term testamentary capacity in a manner understandable to the jury. We hold that under the facts of this cause the definition given was adequate; therefore the trial court did not err in refusing to submit the expanded definition of testamentary capacity. However, even if we held that the trial court should have submitted the requested expanded instruction, we would hold that the error, if any, was harmless because it would not have been calculated to cause the rendition of an improper verdict. Tex.R.Civ.P. 434; *Texas Employers Ins. Ass'n v. McKay,* 146 Tex. 569, 210 S.W.2d 147 (1948); *Gayle v. Dixon,* 583 S.W.2d 648 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.).

■ We now consider the evidentiary issues. Those contesting the will argue that the jury's finding that Schaefer had testamentary capacity finds insufficient support in the evidence and that the finding that Schaefer·was not unduly influenced when he executed the will is so against the great weight and preponderance of the credible evidence as to be manifestly unjust. The contestants were required to prove and obtain a jury finding that Schaefer either did not have testamentary capacity or was unduly influenced. They failed to meet their burden of proof; evidence is not required to support the failure of the jury to make affirmative findings favoring the contestants. *C. & R. Transport, Inc. v. Campbell,* 406 S.W.2d 191 (Tex.1966); *Beam v. Voss,* 568 S.W.2d 413 (Tex.Civ.App.—San Antonio 1978, no writ).

■ Nevertheless, we determine that the jury's findings have ample support in the evidence and are not so against the great weight and preponderance of the credible evidence as to be manifestly unjust. In determining whether evidence is insufficient, or whether a finding is so against the great weight and preponderance of the evidence, we consider and review all the evidence, including that contrary to the findings. *Harrison v. Chesshir,* 159 Tex. 359, 320 S.W.2d 814 (1959); *In Re*

*King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951). And, when the evidence conflicts we generally regard the jury verdict on such matters as conclusive. *Montgomery Ward & Co. v. Scharrenbeck,* 146 Tex. 153, 204 S.W.2d 508 (1947); *Clark v. National Life & Accident Ins. Co.,* 145 Tex. 575, 200 S.W.2d 820 (1947). Many witnesses, expert and lay, testified on behalf of each side in this controversy. The trial lasted for weeks and the statement of facts is voluminous. There is expert and lay testimony that Schaefer both did and did not have testamentary capacity at the time he executed the will; and there is evidence that Schaefer was and was not unduly influenced in the making of his will. The evidence is conflicting but clearly supportive of the verdict; we thus regard the verdict as conclusive.

We affirm the trial court's judgment.