**HERMANN HOSPITAL, Appellant,**

v.

**LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,**
Appellee.

**No. C14–83–639–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 21, 1985.

Rehearing Denied July 18, 1985.

Mike Johnston, Mark A. McLean, James J. Hippard, Sr., Gail Magers of Sullins, Johnston, Rohrbach & Magers, Houston, for appellant.

Kurt T. Nelson of Kurt T. Nelson, P.C., Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

## OPINION

SEARS, Justice.

Appellant, Hermann Hospital, appeals from a take-nothing judgment in its suit to recover for medical services provided to Joseph Johnson. We affirm.

Main Lines Company took out a group health insurance policy with Appellee, Liberty Life Assurance Company of Boston. The group policy, which had an effective date of September 9, 1977, was to provide health insurance benefits for the employees of Main Lines. The policy provided that its anniversary date was September 1, 1978. The policy provided:

> The company may change the rates at which further premiums shall be computed, effective at any premium due date on or after the first anniversary of the effective date of the policy, by giving notice of such change to the policyholder not less than thirty-one days before such premium due date: provided, that such changes shall not be accomplished more often than once in any twelve months.

Main Lines paid one annual premium for the policy period ending August 31, 1978. Prior to the anniversary date of the policy, Appellee notified Main Lines that there would be an increase in premium for the policy period September 1, 1978, to August 31, 1978. There was testimony by Alene Easley, an employee of Main Lines, that Main Lines did not renew the policy. Main Lines took a separate policy with Great Southern Insurance, effective September 1, 1978, for the same coverage previously provided by Appellee. Main Lines was billed for, but did not pay, premiums on the Liberty Life policy after August 31, 1978. The Liberty Life policy provided:

> If a premium is not paid when due the policy shall be in default; *however, a grace period of thirty-one days will be granted for the payment of every premium except the initial premium, and during such period the insurance provided under the policy shall continue in force subject to the policyholder's right to terminate the policy in accordance with Condition 15.* If a premium shall remain unpaid at the end of the grace period the policy shall then automatically terminate. In the event the policy terminates for any reason, the policyholder shall be liable for any premium due and unpaid, including a pro rata premium for any time the policy is in force during the grace period (emphasis added).

The same policy provided that "[T]he policyholder may terminate this policy by giving written notice to the Company." Main Lines did not give written notice that it was terminating the policy until November 30, 1978.

On September 15, 1978, Joseph Johnson, an employee of Main Lines, was admitted to Hermann Hospital for treatment of a chronic kidney condition. Upon request at admission, he presented the newly issued Great Southern Insurance card and signed a blank insurance assignment form. Appellant contacted Main Lines and verified that Mr. Johnson had hospitalization insurance through Great Southern. Johnson remained in the hospital until his death in November, 1978.

Great Southern paid only $5,290.00 of Appellant's claims and contended the policy limitation relating to treatment of pre-existing conditions precluded full payment. Appellee first learned in February, 1979, that

Appellant claimed a policy issued by Appellee was in effect and covered this period of hospitalization. Appellant brought suit against both Great Southern and Appellee. Appellant settled its claims against Great Southern and proceeded to trial against Appellee.

Appellant claimed, at the trial level, that both policies were in effect at the time of the hospitalization, and that it had a valid assignment from Johnson as to both policies. The court ruled as a matter of law that Appellee's group insurance contract was in effect on September 15, 1978, thus covering the medical expenses incurred by Mr. Johnson. In response to Special Issues Nos. Four and Five, the jury found that Mr. Johnson had incurred reasonable and necessary hospital expenses in the amount of $96,307.00 and that reasonable attorney's fees for Appellant's attorneys would be $41,000.00. The jury, in response to Special Issue No. One, failed to find that Mr. Johnson intended to assign to Hermann Hospital his benefits under Appellee's policy. The trial court entered judgment that Hermann Hospital take nothing by its suit against Appellee. Appellant raises three points of error while Appellee submits two cross-points of error.

In point of error one, Appellant argues that it was a third-party creditor beneficiary of the group insurance policy between Main Lines and Appellee. As a third-party beneficiary, Appellant believes it can enforce Appellee's performance under the policy. Appellee responds by arguing that: (1) the trial court erred in ruling that as a matter of law the insurance contract was in effect on September 15, 1978; (2) Appellee has procedurally waived its right to claim third-party beneficiary status; and (3) Appellant is not a third-party beneficiary of the group insurance policy. Because of our holding below, we need not address whether or not the trial court erred in finding Appellee's policy was in effect on September 15, 1978.

■ Appellant argues that it was a third-party beneficiary of the Liberty Life group health insurance policy and as such may enforce the policy without an assignment from Johnson. We believe that Appellant is procedurally precluded from raising this argument for the first time on appeal. Additionally, Appellant has failed to show that it was a third-party beneficiary of that policy.

Appellant's Sixth Amended Original Petition does not allege a cause of action on a third-party beneficiary theory. Paragraph IV of that petition alleges an assignment of benefits was executed, or in the alternative, an equitable assignment took place. In fact, the phrase "third-party beneficiary" does not appear in the petition. As to this claim, the petition does not contain "a short statement of the cause of action sufficient to give fair notice of the claim involved" and fails to comply with Tex.R. Civ.P. 47.

■ We agree that a third person for whose benefit a contract is made may enforce the contract against the promissor. *Quilter v. Wendland,* 403 S.W.2d 335, 337 (Tex.1966); *Krueger v. Williams,* 163 Tex. 545, 359 S.W.2d 48 (1962); *Edds v. Mitchell,* 143 Tex. 307, 184 S.W.2d 823, 829 (1945). Ordinarily, a stranger to an insurance policy may not sue thereon. *Doss v. Roberts,* 487 S.W.2d 839 (Tex.Civ.App.— Texarkana 1972, writ ref'd n.r.e.); *Travelers Fire Insurance Co. v. Steinmann,* 276 S.W.2d 849 (Tex.Civ.App.—Dallas 1955, writ ref'd n.r.e.). However, insurance policies are no exception to the rule that one for whose benefit a contract is made may enforce the contract. *Old Colony Insurance Co. v. Messer,* 328 S.W.2d 335 (Tex. Civ.App.—Beaumont 1959, writ ref'd n.r. e.).

■ In *Key Life Insurance Co. of South Carolina v. Taylor,* 456 S.W.2d 707 (Tex. Civ.App.—Beaumont 1970, writ ref'd n.r.e.), the court dealt with a suit by an employee of the holder of a "Blanket Accident Policy." The claimant was not a party to the policy. The court concluded that the employee, under a group insurance policy between the insurer and employee, is entitled to sue thereon because "it was the inten-

tion of the parties for this to be an insurance contract for the benefit of a third party...." *Taylor*, 456 S.W.2d at 709. The controlling factor in determining whether a third party may enforce a contract is the intention of the contracting parties. *Corpus Christi Bank and Trust v. Smith*, 525 S.W.2d 501 (Tex.1975).

To be able to sue as a third party beneficiary of the insurance policy, Hermann Hospital would have the burden of showing the intention of Liberty Life and Main Lines. No special issue was submitted asking about the intention of the contracting parties. On appeal, an independent ground of recovery not conclusively established by the evidence and upon which no special issue has been submitted or requested shall be deemed as waived. Tex.R.Civ.P. 279.

█ Appellant argues that "[S]ince there *could not ever be* a factual dispute over who the ultimate beneficiary of payments would be under this policy for hospital bills, it would beg the question to submit any issue on what the 'intent' of the insurance company and the policy holder was (emphasis in original)." The testimony of Mr. Brown was that the intent of a person who buys this coverage is to protect individuals from liability for hospital bills. Appellant equates "the ultimate beneficiary of payments" with the party the group insurance policy is intended to benefit. The fact that the proceeds of the insurance policy will ultimately be paid to Hermann Hospital does not mean that the policy was intended by the contracting parties for the direct benefit of the Hospital. Brown's testimony, rather than supporting the position of Appellant, indicates that group policies are intended for the benefit of the individual group members and not their creditors. Appellant, in order to sue as a third-party beneficiary, had the burden of establishing that it was the intention of the contracting parties that this contract was for the benefit of Appellant. This burden has not been met.

█ Appellant relies on the "Direct Payment of Benefits" clause to reach the legal conclusion that as a matter of law it is a third-party creditor beneficiary with a right to enforce the contract. The policy contains both a "Direct Payment of Benefits" clause and a "facility of payment" clause which allow the insurer to pay benefits to the third party that provides health care services to the employee. They do not expressly mandate direct payment. A "facility of payment clause" in an insurance policy, like the direct payment of benefit clause, confers on the insurer an option as to whom it will make payment. However, one whom the insurer is privileged to pay under a facility of payment clause has no right of action thereunder. 20B J. Appleman, Insurance Law and Practice § 11717 (1980). Appellant's argument that the Direct Payment of Benefits clause allows it to enforce the contract is not persuasive.

Appellant has waived its third-party beneficiary argument due to the lack of pleadings or special issues. We are not authorized to consider a theory of recovery that was not presented to the trial court. *State v. J.M. Huber Corp.*, 145 Tex. 517, 199 S.W.2d 501 (1947). Furthermore, Appellant has failed to show as a matter of substantive law that it was a third-party beneficiary. Point of error one is overruled.

Appellant's second point of error is that the trial court erred in failing to disregard the jury's response to Special Issue No. One because the evidence proves conclusively and as a matter of law that Johnson intended to assign his interest under the Liberty Life policy to Appellant. Special Issue No. One asked: "Do you find from a preponderance of the evidence that JOSEPH JOHNSON intended to assign his rights, if any, under the policy in question to Hermann Hospital?" The jury's response was "We do not." Appellant had the burden of proof on this issue.

█ The failure to find a fact upon which the proponent has the burden of proof need not be supported by affirmative evidence. *Traylor v. Goulding*, 497 S.W.2d 944 (Tex.1973); *Wolters v. Wright*, 649 S.W.2d 649 (Tex.App.—Texarkana

1982, writ ref'd n.r.e.). In reviewing point of error two, this court must consider all of the evidence, and if Appellant established conclusively and as a matter of law that Johnson intended to assign his interest in that policy, the point will be sustained. If there is some competent evidence in the record which precludes that finding, the point of error must be overruled. *Payne v. Snyder,* 661 S.W.2d 134, 144 (Tex.App.—Amarillo 1983, writ ref'd n.r.e.). O'Connor, *Evidence on Appeal,* 37 Tex.B.J. 839 (1974); Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 Texas L.Rev. 361 (1960). Looking at the entire record, we cannot say that Appellant conclusively established that Johnson intended to assign any interest in that policy. When Johnson was admitted to the hospital and was asked about insurance coverage, he produced only his Great Southern policyholder card. This fact is some evidence which precludes a finding that Appellant proved conclusively and as a matter of law that Johnson did intend to assign his interest in the Liberty Life policy. The trial court did not err in refusing to disregard the jury's response to Special Issue No. One. Point of error two is overruled.

The third point of error is that the jury's response to Special Issue No. One is so against the great weight and preponderance of the evidence as to be manifestly unjust. In reviewing this point of error, we must review all of the evidence in the record to determine if the jury's failure to find that Johnson intended to assign his interest in that policy was so against the great weight and preponderance of the evidence so as to be unjust. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951); *Southwestern Bell Telephone Co. v. Baker,* 650 S.W.2d 467 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.).

An examination of the record does not convince us that the jury's failure to find that Johnson did intend to assign any rights in the Liberty Life Insurance policy to Appellant was against the great weight and preponderance of the evidence. When Mr. Johnson signed Appellant's blank Assignment Form, he produced only his Great Southern policyholder card, which was copied by Hermann Hospital. The wording of the Assignment included the phrase "provided in the above-mentioned policy(ies) of insurance." Jody Roberts, an employee of Appellants' Insurance Department, testified that it was the patient's responsibility to fill in the blanks, and that she did not often see a form without any entries about insurance on them. Johnson did not fill in Appellee's name. Mr. Johnson had no knowledge of any possible insurance coverage other than Great Southern; therefore, there could be no intent on his part to include Appellee on such form of Assignment. Appellant filled out the Assignment Form with Appellee's name four months after Mr. Johnson died. Appellant's point of error three is overruled.

Appellee's first cross-point of error is that the trial court erred in failing to submit Appellee's requested special issue regarding Appellant's groundless Deceptive Trade Practices Act claim. In addition to refusing the proposed special issue, the trial court refused testimony on whether the Deceptive Trade Practices Act claim was groundless. The trial court was correct in refusing to admit the evidence and to submit the special issue.

Appellant's suit was based on Article 21.21, §§ 4(1) and 16 of the Texas Insurance Code and not upon the Deceptive Trade Practices Act. In order for Appellee to counter-claim for a groundless DTPA action under § 17.50(c), Appellant's suit would have to be brought under the DTPA. A close reading of Appellant's Sixth Amended Original Petition shows that, pursuant to Article 21.21, § 16(a) of the Insurance Code, Hermann Hospital alleged a deceptive act under both § 17.46(b)(12) of the DTPA and Regulations issued by the State Board of Insurance. TEX.INS. CODE ANN. art. 21.21, § 16(a) (Vernon 1981) allows suit to be brought by any person who has been injured by another engaging in any of the practices declared to be unfair methods of competition or deceptive trade practices under:

1) Section 4 of Article 21.21 of the Texas Insurance Code;

2) Rules or Regulations lawfully adopted by the State Board of Insurance; or

3) any practice defined by § 17.46(b)(12) of the DTPA.

Appellant's reference to § 17.46(b)(12) was merely one way of alleging a deceptive act needed to bring suit under Article 21.21, § 16(a) of the Insurance Code. Since Appellant did not bring suit under the DTPA, the trial court was correct in refusing to admit evidence or submit a special issue on whether Appellant's DTPA claim was groundless and brought in bad faith or for the purpose of harassment. Cross-point of error one is overruled.

Appellee's second cross-point is that the trial court erred in submitting Special Issue No. Five to the jury because the issue was not submitted in substantially correct form. That issue asked the jury "[W]hat sum of money, if any, do you find from a preponderance of the evidence, would be reasonable attorney's fees for the services by Hermann Hospital's attorneys in relation to the amount of time expended in this case...?" Since we are affirming the judgment of the trial court that Hermann Hospital take nothing by this suit, we need not address this issue.

The judgment is affirmed.

## OPINION ON MOTION FOR REHEARING

### PER CURIAM.

In its Motion for Rehearing appellant Hermann Hospital contends this court erred in overruling all three of its points of error. Its argument concerning the second point of error requires this additional opinion on motion for rehearing.

In the second point of error appellant says the trial court should have disregarded the jury's answer to Special Issue No. 1 and rendered judgment for appellant on the remainder of the jury verdict. Its point is based on argument that the evidence proved as a matter of law that Mr. Johnson intended to assign to appellant the benefits under any and all insurance policies that might be covering him at the time.

By answering "We do not" to Special Issue No. 1, the jury failed to find from a preponderance of the evidence that Mr. Johnson intended to assign his rights, if any, under the Liberty Life policy to the appellant Hermann Hospital.

Appellant's argument is grounded on the contention that Mr. Johnson executed the assignment containing blanks to be filled in with the name of the insurance carrier and the policy number and thereby impliedly authorized Hermann Hospital to fill in the blanks with the name of appellee Liberty Life Assurance Company of Boston and its policy number. For cases relied on by appellant see *Sentinel Fire Insurance Co. v. Anderson*, 196 S.W.2d 649 (Tex.Civ.App.—Amarillo 1946, no writ); *Stephens v. Underwood*, 157 S.W.2d 936 (Tex.Civ.App.—Eastland 1941, no writ); *Republic National Bank v. Strealy*, 343 S.W.2d 284 (Tex. Civ.App.—Fort Worth), *rev'd*, 163 Tex. 36, 350 S.W.2d 914 (1961); *Holliday v. Anderson*, 428 S.W.2d 479 (Tex.Civ.App.—Waco 1968, no writ).

In our opinion those cases do not require a reversal of this case. Although they hold that a party who signs an instrument containing blanks entrusts to the person to whom it is delivered the duty or right to fill in the blanks, they also hold that such person must properly fill in the blanks strictly in accordance with the agreement between the parties in order to bind the party signing the instrument. *See, e.g., Sentinel Fire Insurance Co. v. Anderson*, 196 S.W.2d 649 (Tex.Civ.App.—Amarillo 1946, no writ). Under the evidence in this case implied authority to fill in the blanks in the assignment form did not result in the assignment or the intention to assign being established as a matter of law.

In the instant case whether the parties agreed that Hermann Hospital was authorized to fill in the blanks with the name of Liberty Life Assurance Company of Boston and its policy number was vigor-

ously disputed both in the pleadings and the evidence. Hermann Hospital alleged and offered evidence to prove that Johnson so agreed and intended to assign to the hospital his rights under the Liberty Life policy. On the other hand there is evidence in the record from which the jury could believe that Johnson did not so agree and did not intend to make such an assignment. This evidence was set out in this court's original opinion and need not be repeated here.

■ An assignment is a manifestation by the owner of a right of that person's intention to transfer such right to the assignee. *See* Restatement (Second) of Contracts § 317 (1981); *Wolters Village Management Co. v. Merchants & Planters National Bank,* 223 F.2d 793 (5th Cir. 1955); and discussion in 7 Tex.Jur.3rd *Assignments* § 25 (1980).

In the instant case the trial court, apparently recognizing that the validity of the assignment turned on the question of Johnson's intention, submitted Special Issue No. 1 inquiring whether Johnson intended to assign to the hospital Johnson's rights under the Liberty Life policy. Appellant made no objection whatsoever to the submission of such issue. We hold that, under the facts of this case, Johnson's intention was an ultimate issue of fact, appellant did not establish such intention as a matter of law and the answer of the jury is not contrary to the overwhelming weight and preponderance of the evidence.

Appellant's motion for rehearing is overruled.