Patricia **LITTLE**, Appellant,

v.

**TEXAS R.V.O.S. INSURANCE COMPANY and James Michael Henry,** Appellees.

No. 11–95–218–CV.

Court of Appeals of Texas, Eastland.

Aug. 1, 1996.

Rehearing Overruled Sept. 5, 1996.

Carol Ann Carson, Jose, Henry & Brantley, Fort Worth, for appellant.

John W. Fulbright, Fulbright, Winniford, Brice & Marable, Waco, for appellees.

Before ARNOT, C.J., and WRIGHT and FARRIS,[1] JJ.

PER CURIAM.

The issue is whether the wife of the "Named Insured" must be included as a payee on an insurance settlement check for property loss when the agent who sold the policy and who delivered the check to the named insured knew that the wife had filed

---

**1.** David Farris, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth sitting by assignment.

suit seeking a divorce from the named insured.

Patricia Little sued Texas R.V.O.S. Insurance Company, the insurer, and James Michael Henry, an insurance agent, for breach of the insurance contract and for engaging in unfair or deceptive acts or practices in violation of the Texas Deceptive Trade Practices–Consumer Protection Act, TEX. BUS. & COM. CODE ANN. § 17.41 et seq. (Vernon 1987 & Supp.1996) and in violation of TEX. INS. CODE ANN. art. 21.21 (Vernon 1981 & Supp.1996). The trial court granted the defendants' motion for summary judgment. Patricia Little appeals. We affirm.

This controversy involves loss or damage to the house and personal effects owned by Charles W. Little and Patricia Little. On March 3, 1992, the house was severely damaged by a tornado. At that time, the house was insured by Texas R.V.O.S. under a policy which was sold to the Littles by James Michael Henry. At the time of the tornado, Patricia was living in the house, and Charles was living and working in California. She paid the expenses and bills associated with the upkeep and maintenance of the house.

On March 4, 1992, Patricia contacted Henry's office and told him about the damage to the house. Patricia and Henry had been friends for many years, and she told Henry that Charles was living in California and that their divorce was pending. They also discussed Henry's divorce from his wife who was also Patricia's friend.

Upon learning that the house had been damaged, Charles returned to Stephenville, Texas, and started repairing the house. Within a few days after the tornado, Charles and Patricia met with Henry and an adjuster to determine the extent of the loss. Within approximately ten days after the tornado, Henry delivered two checks to Charles totaling $106,129.50 to cover the loss. The checks were made payable to Charles. Patricia Little was not named as a payee on the checks. The house was repaired and was awarded to Patricia in the Littles' divorce decree dated May 21, 1993. Patricia later sold the house.

■ The summary judgment evidence established that Patricia's only complaint was that she was not included as a payee on the settlement checks. She admitted in her deposition that she never asked Henry or any representative of Texas R.V.O.S. to include her name on the checks. She "assumed" that she would be a named payee on the checks. Patricia knew that her name was not on the insurance policy, and she never requested Henry or Texas R.V.O.S. to place her name on the policy.

The insurance policy issued by Texas R.V.O.S. expressly provides that the "Named Insured" and "legal representatives" are insured against a windstorm. On the front page of the policy, "Charles W. Little" is designated as the "Named Insured." Plaintiff relies upon a definition of "Insured" which includes the "spouse" of the insured. By the express terms of the policy, this definition applies only to "Section II" of the policy which pertains to coverage for personal liability, medical payments, and physical damage to property of others.

Texas R.V.O.S. made the settlement checks payable to the only named insured on the policy. Henry delivered these checks to the only named insured on the policy. The term "Named Insured" is plain, definite, and unambiguous. Therefore, the defendants did not breach the insurance contract when the settlement checks were made payable only to Charles and were delivered only to Charles. See *Royal Indemnity Company v. Marshall,* 388 S.W.2d 176 (Tex.1965).

■ The summary judgment proof conclusively established that the defendants did not engage in any unfair or deceptive acts or practices in violation of the Texas Deceptive Trade Practices–Consumer Protection Act, Section 17.41 et seq. or Article 21.21 of the Texas Insurance Code. Furthermore, the evidence established that the defendants did not engage in any unfair or unlawful settlement practices. The summary judgment proof established as a matter of law that there was no genuine issue as to any material fact and that the defendants were entitled to judgment as a matter of law. *Gibbs v. General Motors Corporation,* 450 S.W.2d 827 (Tex. 1970).

*Hermann Hospital v. Liberty Life Assurance Company of Boston,* 696 S.W.2d 37 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.), cited by plaintiff is distinguishable. That case discusses contracts entered into by parties with the intent to benefit third persons. The policy in question here clearly stated that, under "SECTION 1— PROPERTY SECTION," the insurance company "insures the Named Insured and legal representatives against loss." Under the summary judgment proof, the defendants were not required to place plaintiffs name on the settlement checks. See *Travelers Fire Ins. Co. v. Steinmann,* 276 S.W.2d 849 (Tex. Civ.App.—Dallas 1955, writ ref'd n.r.e.).

The judgment of the trial court is affirmed.