## WAGNER v. ERWIN et al.

### No. 8335.

Court of Civil Appeals of Texas. San Antonio.
Jan. 29, 1930.

Rehearing Granted April 2, 1930. Rehearing Overruled April 30, 1930.

Church & Graves and W. S. Gideon, all of San, Antonio, for plaintiff in error.

W. C. Linden and Forrest Campbell, both of San Antonio, for defendants in error.

COBBS, J.

Plaintiff in error sued defendants in error to recover the sum of $1,200 on the principal of a note dated January 19, 1927, bearing 8 per cent. interest per annum until maturity and past-due principal and interest bearing 10 per cent. interest per annum, and providing for 10 per cent. attorney's fees. The note was signed on its face by Erwin, who answered, among other things, that he had executed a blank note presented to him by Kuykendall, in which he authorized Kuykendall to fill in the face thereof the sum of $500 with the name of some one to whom he was indebted, and that Kuykendall was to sign above the name of Erwin as the maker of the note; that he did not carry out the instructions, but inserted his own name as payee, and then indorsed the note. Subsequently, and prior to its maturity, Erwin came to plaintiff in error's office and asked for the extension thereon, having full knowledge of the contents of the note.

The court rendered judgment in favor of plaintiff in error, Wagner, against defendant in error Kuykendall for the sum of $1,532.72, principal, interest, and attorney's fees, and denied recovery in favor of plaintiff in error, Wagner, against defendant in error Erwin.

The court filed his findings of fact and conclusions of law, together with a statement of facts of the entire case.

It is not denied that the note was delivered by Erwin in blank for the holder to insert the sum of $500 therein, but it is alleged that Kuykendall exceeded his authority of agency when he inserted the larger amount, and rendered the note void and subject to a plea of non est factum.

Here lies the contention of the parties: Was the note thereby rendered void?

The authorities are numerous that, when the maker of a promissory note leaves the amount blank and delivers it to the proper party, with instructions to fill in the amount, he is denied the right to call in question that conferred special authority and the act of filling in the note, provided it is reasonable and done without fraud; and the note so filled in will be held to stand.

We cannot say that there was any fraud in the act. The amount inserted in the note was the exact amount that plaintiff in error was attempting to secure. Of course, no consideration passed to Erwin. He was and still is an accommodation maker, and, under the facts of the case, Kuykendall was as much bound by his indorsement as though he signed his name on the face of the note as principal. The proof shows that he was the principal obligor. Plaintiff in error has well-cited authorities supporting these views, but, as the law on the point is so well supported, we deem it unnecessary to cite them.

There was no pleading that justified the trial court in rendering judgment against Wagner for the sum of $500 admitted by him that was to have been set out in the note, and that question is not now before this court for adjudication. We have reached the conclusion that the trial court erred in his findings of fact and in the judgment rendered. We therefore reverse the judgment and return the case for a rehearing.

310

PER CURIAM.

Plaintiff in error, who was the plaintiff in the lower court, instituted this suit against B. F. Erwin and J. W. Kuykendall, defendants in error, to recover the sum of $1,200, with interest from January 19, 1927. Erwin was sued as principal, and Kuykendall as indorser, of the note. Erwin filed a general demurrer, general denial, and filed a plea of non est factum, and that the note was a forgery, and alleged that said Erwin was a friend of Kuykendall, placing implicit confidence in him, and was induced by him to sign a blank note for $500 as a surety, and that said note was to be made payable "to some men to whom the said J. W. Kuykendall owed the sum of money, to-wit: $500.00," that said note, Erwin afterwards ascertained, was to be made payable to the plaintiff, and that the blank note was filled out and made payable to J. W. Kuykendall for the sum of $1,200, and was indorsed to plaintiff, Adolph Wagner, by said Kuykendall. Kuykendall did not answer, and judgment was rendered against him by default, but as to Erwin the judgment was that plaintiff recover nothing and pay all costs by him expended.

This court adopts the findings of fact of the trial judge as its conclusions of fact:

"Prior to the 19th day of January, 1927, J. W. Kuykendall, defendant, was indebted to Adolph Wagner, plaintiff, in a sum greater than $1,200.00 which was past due and Wagner was insisting on payment or additional security and he agreed to accept a note for $1,200.00, executed by J. W. Kuykendall, signed by defendant B. F. Erwin as surety and joint maker as payment or added security and extend the time of payment of principal indebtedness to November 1st, 1927.

"Plaintiff delivered to J. W. Kuykendall a blank printed form of note upon which nothing had been written save an (x) at the left hand end of the top line for signatures placed there by the attorneys of plaintiff to indicate that that was the place for signature of J. W. Kuykendall as principal obligator, leaving the line below for the signature of B. F. Erwin as joint maker and security. Kuykendall presented the blank note to defendant B. F. Erwin who was then his father-in-law, with the express statement and representation that he, Kuykendall, was indebted to an unnamed creditor for a balance on his home which he would lose unless Erwin would sign his note for $1,200.00 as surety and explained that the top line with the mark (x) was for his, Kuykendall's signature as principal, and Erwin signed said note for $1,200.00 due November 1st, 1927, with the full understanding and belief that he was signing same as surety for Kuykendall's creditor and signed by Kuykendall as a principal maker, and he did not, at the time of signing the same, have any notice that same was to be filled out so as to leave him the sole maker of the note and the liability of Kuykendall only that of an indorser.

"Erwin received nothing of value for the signing of the note and the plaintiff Wagner parted with nothing of value upon receipt of it because it was applied to an existing past due indebtedness due him by Kuykendall.

"Erwin never at any time authorized either Kuykendall or Wagner to change the terms of the contract which he entered into with Kuykendall and which he executed by signing a blank note as joint maker with and security for Kuykendall.

"After the signing of the note by Erwin in blank Kuykendall delivered it to plaintiff Wagner who took him to the office of his attorney and there directed that the note be filled out payable to Kuykendall and directed that Kuykendall should not sign the same as a maker but only sign same on the back of the note as an indorser.

"At the time the note was so filled out the plaintiff Wagner had a full knowledge of the obligation of Erwin and the contract entered into by him in signing in blank as hereinbefore stated, or had knowledge of such facts as put him upon notice and inquiry which if pursued would have disclosed to him the true facts."

■ Erwin was an accommodation maker of the note, and that fact was known to plaintiff when he had the blank note filled out by his attorney over the signature of Erwin. He was not a purchaser for value of the note in good faith. He took the note as security for a debt which he claimed Kuykendall owed him. He knew the note was to be given by Kuykendall to him, and not by some one else to Kuykendall, the latter to indorse it. It was clearly an attempt to make a party who was not indebted to him the maker of the note. He changed Kuykendall from a maker to an indorser. Plaintiff sent Kuykendall out to get a surety, and, when the unfilled note was brought back, the surety was changed into the maker of the note. All the testimony was to the effect that Erwin was to be procured as a surety, and was so procured.

The alteration so as to change the relation of the parties to each other was a material alteration under the terms of section 125, art. 5939, Negotiable Instruments Act, Revised Statutes of 1925. One of the five material alterations named in the statute, being No. 4, is, any alteration which changes "the number or relations of the parties." The change made in this instance undoubtedly changed the relations of the makers of the note from maker and surety to maker and indorser, the original surety being changed to sole maker, and the original maker being changed into payee and indorser.

The motion is granted, and the judgment is affirmed.