CLAYCRAFT COMPANY, Plaintiff, v. LOWE, Defendant.

Common Pleas Court, Franklin County.

No. 183331.   Decided March 14, 1952.

**OPINION**

By HARTER, J.

ON APPEAL FROM JEFFERSON TOWNSHIP, JUSTICE OF PEACE COURT AFFIRMED.

From an examination of the record before us on appeal, it appears that the alleged tenant claims that he signed a printed "Lease" form, which contained several blank spaces, at the request of the officials of the company by which he was employed at the time of the signing. It seems to be the implication of the defendant's argument in this forcible detention case that the original printed lease was an ineffectual obligation and that it had been superseded by month-to-month oral tenancy arrangements between the employing corporation and the defendant, as the first tenant in time, and then later, with one of his sons and then, still later in time, with another son who is even now a minor.

In this situation, and since neither of the sons are parties to this litigation, it becomes necessary that we attempt to appraise the rights of the parties under the original printed lease, assuming for these purposes that there actually were blank spaces in that lease when the defendant affixed his signature to it.

To give our conclusion first, we believe that lease is valid and binding as between the parties to it. It is not necessary that we consider the rights of third parties under our view as there are, as we see it, no third party rights involved.

Our authority for arriving at this conclusion is expressed in the following statement of the general rule as found in—17 Corpus Juris Secundum, Contracts, Section 65:

"A writing is incomplete as an agreement if blanks as to material matters are left in it, unless the omission may be supplied from other parts of such writing or the blanks are subsequently and lawfully filled. Blanks may be rejected as surplusage if the parties so intend."

In that section, it is further recited that:

"The fact * * * that a contract contains blanks when signed does not necessarily invalidate it, and * * * one signing a paper and leaving blanks in it is ordinarily presumed to give authority to the holder to fill the blanks in accordance with the general character of the instrument, and parol is sufficient to authorize the filling of blanks in writings not under seal * * *."

This rule (to the effect that the person signing an instrument containing blanks impliedly authorizes the holder of the instrument to fill in such blanks) finds exemplification and approval in the following Ohio cases:

**Fullerton v. Sturges, 4 Oh St 529; Selser v. Brock, 3 Oh St 302;** Dater v. Simon & Co., 5 O. Dec. Rep. 377, 7 O. Dec. Re. 215.

Under this authority, we consider the lease, as originally signed by defendant and partially filled in thereafter by the employing—landlord as an effective and enforceable instrument. One of the paragraphs in the lease is:

"Tenant shall not assign or sublet premises without written consent of lessor. This lease may be terminated by either party by giving thirty (30) days' notice and shall terminate at the expiration of thirty (30) days after tenant shall cease for any reason whatever to be employed by lessor."

If, under our theory, this obligation is valid and enforceable, we are enabled easily to come to the conclusion that the landlord showed a clear right at the trial in the court below to possession of this property and the judgment entered in accordance with that right. There was no showing of "written consent of lessor" to any assigning or subletting of the premises. Indeed, no oral consent thereto was actually shown. It takes positive evidence of a novation—i. e. two parties, affirmatively assenting to a new tenancy relationship to create obligations. We hold that the setting-up of a mere mechanical arrangement of paying rent money (unilateral as it seems to have been through defendant's sons and son-in-law and without overt action by any adequately authorized representative of the landlord corporation) did not change the parties contractual obligations.

The problem of "clearance" of this forcible entry case through the Area Rent Office is, to say the least, not clearly stated in the briefs or in the Bill of Exceptions. When we examine pages 21 to 24, inclusive, of the Bill of Exceptions, we gather that "clearance" through the Area Rent Office had been obtained by the plaintiff and that counsel for the defendant was willing to stipulate as to some official letter which was not physically present at the time and place on trial. The plaintiff reserved the right to offer additional evidence on this point. At the

conclusion of the trial, the Justice of the Peace and counsel for both parties agreed that "any further evidence submitted to this court pertaining to this case shall be mailed to me (i. e. the Justice) before the period of ten days has elapsed." (p. 37.)

With that agreement, the Bill of Exceptions and the Transcript are silent as to what, if any, attempts were made on behalf of the defendant affirmatively to raise again this Area Rent Office "clearance" problem. We believe this burden rested upon the party asserting this error. Since the claimed error is not shown positively in the record now before us, we feel compelled to affirm the lower court on this point.

Indeed, we find no error prejudicial to the defendant-appellant on this record and therefore the lower court's judgment is affirmed.