256 A.2d 506.

## THE WESTERLY HOSPITAL *vs.* CLYDE R. HIGGINS.

AUGUST 6, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J.   This civil action was brought to recover the unpaid balance alleged to be due on a promissory note made by the defendant and in which the plaintiff was named as the payee.   In the superior court the plaintiff moved for a summary judgment.   After hearing by a justice of that court, the motion of the defendant to strike the plaintiff's motion for a summary judgment was denied, and judgment was entered for the plaintiff for the balance due on the note together with attorney's fee for collection and costs.   From that judgment the defendant has prosecuted an appeal to this court.

The record discloses that on July 13, 1967, defendant—in consideration for services performed by plaintiff hospital in connection with the birth of a child to defendant's wife—along with his wife as co-maker executed and delivered a promissory note in the amount of $527.58 payable in 18 monthly installments of $29.31 to the order of plaintiff Westerly Hospital.   It further appears that thereafter a duly authorized agent of the Westerly Hospital indorsed defendant's note in blank and by delivery negotiated it to the Industrial National Bank, hereinafter referred to as Industrial, at a discount.   The indorsement contained an express clause guaranteeing payment of the principal, interest, and the late charges on the note in question upon default by the maker.

Thereafter, defendant made three installment payments to Industrial, reducing the balance due on the note to $439.65.   No further payments were made by defendant on the note, and, according to the pertinent provisions thereof, the entire balance of the note, principal and interest, became due and payable immediately together with

all costs of collection, including a reasonable attorney's fee. After default by defendant, Industrial, as holder of the note, made a demand upon plaintiff hospital for payment of the balance due in accordance with the terms of the contract of indorsement guaranteeing payment in full to the holder in case of default by the maker. After receiving the balance due on the note, Industrial negotiated the note by delivery to plaintiff hospital.

The granting of a summary judgment is authorized pursuant to the provisions of rule 56 of the rules of civil procedure of the superior court when "* * * the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as matter of law." In granting plaintiff's motion for summary judgment, the trial justice found the following specific facts to exist in the instant case without substantial controversy: "1. The defendant is in default in the payments on the promissory note referred to in the complaint; 2. The balance due on the principal of said note is the sum of $439.65; 3. The Court finds that $146.55 is a reasonable attorney's fee." In this court defendant is urging that the trial justice erred in granting plaintiff's motion for summary judgment, contending that he failed to recognize that the instant pleadings and affidavits established clearly the existence of a number of genuine issues as to certain material facts.

The defendant contends that the trial justice's ruling granting summary judgment to plaintiff was error because a genuine issue existed as to whether Westerly Hospital or Industrial was in fact the proper party to bring the instant action on the note. We cannot agree with this contention. In our opinion, the face of the instrument discloses as a matter of law that Westerly Hospital is the holder of the note in question and, therefore, a proper party to bring this ac-

tion. The face of the instrument reveals that Westerly Hospital was the payee of the note made by defendant and his wife as co-makers. It further discloses that an indorsement of guarantee was executed in blank by an authorized representative of plaintiff hospital. The note was then delivered to Industrial. The pertinent provisions of the Uniform Commercial Code enacted as title 6A of G. L. 1956 by P. L. 1960, chap. 147, sec. 1, provide that where, as in the instant case, there has been a blank indorsement, mere delivery is sufficient to constitute the transferee a holder thereof and is sufficient to make the transfer a valid negotiation. §6A-3-202; §6A-3-204. Thereafter, when defendant defaulted, Industrial delivered the note to plaintiff in return for the payment of the remaining amount of defendant's obligation that had been guaranteed by plaintiff hospital.

The defendant argues that this delivery of the note back to plaintiff was not sufficient to constitute a valid negotiation. He argues that the attempted special indorsement by Industrial to Westerly Hospital was invalid for the lack of the signature of a duly authorized representative of Industrial and thereby Westerly Hospital was precluded from becoming a holder of the instrument. Thus, according to defendant, Industrial was the proper party to bring the action on this note. It seems rather obvious that had the transfer of the note from Westerly Hospital to Industrial been other than in blank, this argument would have merit, it being true that an authorized signature of an agent of Industrial would be necessary to negotiate the instrument.

However, §6A-3-204 (2) of the Uniform Commercial Code states, in pertinent part, that "An instrument payable to order and indorsed in blank becomes payable to bearer and may be negotiated by delivery alone until specially indorsed." Here Westerly Hospital as payee of the note caused its indorsement to appear thereon without specifying to whom or to whose order the instrument was payable. In-

stead, a blank indorsement, one specifying no particular indorsee, was made. The legal effect of such an indorsement and delivery was to authorize Industrial as the transferee and holder of the note to further negotiate the note without indorsement but by mere delivery alone. It is clear that any attempt on its part to achieve negotiation by indorsing the note to plaintiff would have been mere surplusage.

In our opinion, then, the redelivery of the note in question by Industrial to Westerly Hospital accomplished a negotiation of the instrument, and the fact that a purported special indorsement to Westerly Hospital was not legally executed is of no consequence and does not affect plaintiff's status as the holder of the note. It is our conclusion that in these circumstances defendant's contention that there was a genuine issue as to the identity of the proper party to bring the action on the note in question is without merit.

The defendant further contends that a genuine issue existed concerning whether his signature as a co-maker of the note constituted a legal execution thereof. This argument rests upon his contention that his signature on the note had no operative legal effect, he having been told that the purpose for signing the note was to arrange a loan from Industrial; that he did not know that he was signing a promissory note; and that the writing which he signed failed to specify either the principal balance of the note or the number and the amount of the periodic payments which he would be required to make. That defendant was told that the purpose of his signing the instrument was to arrange a loan with Industrial does not give vitality to his contention that he should not be held bound by his signature thereon.

Industrial in fact made a loan to defendant in reliance upon his execution of the promissory note to Westerly Hos-

pital and the negotiation of the note to the bank. His signing of the note and the guarantee thereof by Westerly Hospital and the delivery of the note to Industrial were antecedent conditions to the periodic payment arrangement entered into by the bank with defendant. The credit vehicles were chosen by Industrial to insure payment of the money loaned and were arranged by Westerly Hospital to assure immediate receipt of the obligations owed it without itself entering into a deferred payment arrangement. We are persuaded, then, that it avails defendant nothing to argue that he was told that the purpose of signing the paper was to arrange a loan with Industrial, since, in fact, he received exactly what he had been promised.

The defendant's claim that at the time he affixed his signature to the instrument in question he did not know that he was signing a promissory note will not, in the absence of some allegation of special circumstances, constitute a defense to a motion for summary judgment. It is well settled in the law of contracts that "One * * *who manifests acceptance of the terms of a writing which he should reasonably understand to be an offer or proposed contract, is bound by the contract, though ignorant of the terms of the writing or of its proper interpretation." 1 Restatement, Contracts, §70; 3 Corbin, *Contracts*, §607. The scope of the general rule that ignorance of the contents of a writing is not a defense to an action thereon is further articulated in *Binder v. Benson,* 225 Md. 456, 171 A.2d 248. "* * * the usual rule is that if there is no fraud, duress or mutual mistake, one who has the capacity to understand a written document who reads and signs it, or, without reading it or having it read to him, signs it, is bound by his signature as to all of its terms." *Id.* at 461, 171 A.2d at 250. See also *Dante State Bank v. Calenda,* 56 R. I. 68, 183 A. 873.

It is our opinion that before a party can adequately pre-

vent the grant of summary judgment where the moving party has demonstrated what amounts to a prima facie case for recovery on the note, he must first allege sufficient factual circumstances which, if proved, would constitute a defense to the moving party's claim. 3 Barron and Holtzoff, *Federal Practice and Procedure*, §1234, at 131-132. In other words, where we concede the truth of the facts alleged by the objector to the motion and the moving party remains entitled to judgment as a matter of law, summary judgment may be properly granted.

Here defendant makes the bare allegation that at the time he caused his signature to appear on the instrument in question, he was ignorant of the fact that he was signing a note. This contention, standing alone, merely indicates the existence of a unilateral mistake which would not as a matter of law constitute a defense in an action on a promissory note even if established by competent evidence before a jury. See 2 Restatement, Contracts, §503; 3 Corbin, *supra*, at 662-663. There being no assertion in the pleadings or affidavits of any fraud, misrepresentation, mutual mistake, or any other similar special circumstances that would serve to vitiate plaintiff's objective manifestation of assent to the terms of the instrument, we are constrained to find that no sufficient defense to the promissory note has been alleged and thereby hold that summary judgment was properly granted on these grounds.

Similarly, defendant's further charge that the instrument which was signed contained blank spaces which were subsequently filled in by plaintiff is not a sufficient defense to a motion for summary judgment on a promissory note. Well-settled authority establishes the rule that one signing an instrument containing blanks is said to have conferred upon the transferee of the instrument the implied authority to complete the instrument in accordance with the understanding of the parties. Once so completed, the instrument

will be in force as if it had been completed prior to the signature of the objecting party. *Wagner* v. *Erwin,* Tex. Civ. App., 27 S.W.2d 309; *Sentinel Fire Ins. Co.* v. *Anderson,* Tex. Civ. App., 196 S.W.2d 649, 651; *Claycraft Co.* v. *Lowe,* 72 Ohio L. Abs. 225, 134 N.E.2d 412; 17 C.J.S., Contracts §65.

Statutory authority for a similar result is provided for by §6A-3-115 (1) of the Uniform Commercial Code. That section states that "When a paper whose contents at the time of signing show that it is intended to become an instrument is signed while still incomplete in any necessary respect it cannot be enforced until completed, but when it is completed in accordance with authority given it is effective as completed." It is our view that since defendant does not allege that plaintiff acted in excess of its implied authority in filling in the blanks on the note in question, plaintiff would be entitled to judgment as a matter of law on the facts stated and, therefore, summary judgment was properly granted.

The defendant's final contention concerns itself with the award by the trial justice of $146.55 as a reasonable attorney's fee for the collection of the note in question. In *Cottrell Employees Credit Union* v. *Pavelski,* 106 R. I. 29, 255 A.2d 162, another appeal from the grant of a motion for summary judgment on a promissory note, the attorney for the defendant in the instant case raised exactly the same objections to the award of the attorney's fee in that case as he does in the instant case. Since we have adequately disposed of this issue in *Cottrell,* extended discussion of the same issue here would serve no useful purpose.

In our opinion, the plaintiff has sufficiently demonstrated that there was no genuine issue of fact to be tried and that it was entitled to judgment as a matter of law. Under these circumstances, summary judgment was properly granted.

The defendant's appeal is denied and dismissed, and the judgment is affirmed.

*Oliver P. Crandall,* for plaintiff.

*Frank S. Cappuccio, Louis B. Cappuccio,* for defendant.