Richard ANTRIM, Appellant,

v.

Milton R. McMURREY et ux., Appellees.

No. 12520.

Court of Civil Appeals of Texas, Austin.

April 6, 1977.

John T. Anderson, Graves, Dougherty, Hearon, Moody & Garwood, Austin, for appellant.

Gretchen E. Raatz, Sneed, Vine, Wilkerson, Selman & Perry, Austin, for appellees.

SHANNON, Justice.

Richard Antrim, appellant, filed suit on a promissory note in the sum of $11,654.56 signed by appellees, Milton R. McMurrey and wife, Katherine M. McMurrey. After trial to the court, the district court of Travis County entered judgment that Antrim take nothing. We will reverse that judgment.

Antrim's trial petition averred that appellees, for a valuable consideration, executed a promissory note in the sum of $11,654.56, and that appellees refused to pay the note. By way of defense, appellees alleged that although they signed the note, the instrument was incomplete at the time of signature. Appellees pleaded that the note ". . . was never intended to become an instrument and was incomplete in all necessary respects and no person was granted the authority to fill in any blanks or attempt to effect completion of such paper." Appellees alleged further that Antrim's ". . . filling in of the blanks in an attempt to make the paper into a promissory note constitutes an alteration which is both fraudulent and material and discharges this Defendant [appellees] from any purported obligations." Appellees also pleaded that, "No consideration was given by Plaintiff for the signature of Defendant upon such incomplete paper."

The execution of the promissory note arose from a construction contract by the terms of which Construction 2000, Inc., agreed to build a house for Antrim. Appellee Milton R. McMurrey was president of and majority stockholder in Construction 2000, Inc. The contract price for the construction project was $122,134. Antrim's testimony was that near the time of the completion of the house McMurrey told Antrim that the corporation was failing financially and that both the corporation and Antrim probably would suffer losses. At that time appellees' bank refused to extend any more credit to the corporation and, in addition, a number of subcontractors on the job had not been paid by the corporation. McMurrey estimated the cost of completion of the house would be about $11,654.56 over the contract price. Antrim testified that McMurrey proposed that a promissory note be executed for that sum payable to Antrim. Milton R. McMurrey signed the note as president of the corporation, and McMurrey and his wife also signed the note individually as co-makers.

The parties used a printed note form, and the note was signed without advice of counsel. At the time appellees signed the note the blanks for the date, the amount of interest, and duration of the note, were not completed. Later, Antrim filled in the blank spaces and showed the note, as altered, to appellees. Appellees refused to initial the changes which had been made in the note.

Antrim took over the construction project and completed the job. Antrim settled with the subcontractors for about forty percent of the sums which they claimed due.

Upon request the court filed findings of fact and conclusions of law. The court found, among other things, that Antrim did not have authority to complete the note. The court found further that Antrim induced appellees to sign the note by representing to them that he would pay all subcontractors in full, and that appellees would not have signed the note but for Antrim's representation that all subcontractors

would be paid in full. The court concluded that the consideration for the execution of the note failed; that the note was an incomplete instrument pursuant to Tex. Bus. & Comm. Code Ann. § 3.115; that the rules with respect to material alterations were applicable pursuant to Tex. Bus. & Comm. Code Ann. § 3.407; and that the alterations made by Antrim were fraudulent and material and that appellees were discharged from liability pursuant to Tex. Bus. & Comm. Code Ann. § 3.407 (1968).

■ Antrim argues that the court erred in concluding that the consideration for the execution of the promissory note failed because there was no pleading to support such conclusion. It is true that appellees pleaded there was *no* consideration for the note, and not that there was a *failure* of consideration. Nevertheless, Antrim, without objection, permitted the introduction of evidence bearing upon failure of consideration. The issue of failure of consideration, then, was tried by consent. Tex.R.Civ.P. 67.

■ Antrim claims, and we agree, that the court erred in concluding that the consideration for the execution of the promissory note failed because there is no evidence to support that conclusion.

Appellees maintain that the consideration for their execution of the promissory note was Antrim's representation that he would pay all of the subcontractors in full. The district court found, as a fact, that Antrim made such a representation.

The evidence pertaining to the supposed representation is as follows. On direct examination McMurrey was asked if it were agreed that the sum of $11,654.56 would be used by Antrim to pay the subcontractors. His response was that he did not recall ". . . an agreement one way or another." In describing his purpose in meeting with Antrim, McMurrey testified ". . . I was there for the purpose of signing something to get, you know, everybody kind of off of my back, to get the subcontractors paid off and to get Mr. Antrim's house closed, you know, with no liens."

On cross-examination McMurrey was permitted to give hearsay testimony that an officer of the Austin National Bank said ". . . I think the Austin National Bank working with Mr. Antrim, if you'll take care of this for us, you know, we can probably pay off the subcontractors so that there will be no liens." McMurrey testified also that based upon what the bank officer and Antrim had told him he thought the subcontractors "were going to be paid in full." A few questions later McMurrey admitted that he did not recall Antrim telling him that he was going to pay all of the subcontractors in full. Mrs. McMurrey testified that Antrim had never told her that the subcontractors would be paid in full.

We have concluded that the district court's finding that Antrim made the representation to McMurrey that he would pay the subcontractors in full is supported by no more than a scintilla of evidence, and, as a result, we sustain Antrim's no evidence point of error.

Appellees' primary position is that the promissory note was incomplete when signed and that Antrim's later completions were unauthorized. Antrim's completion of the note, avow appellees, constituted a material alteration which discharged appellees' obligation on the note.

■ The completion of blanks in an instrument is not necessarily an alteration of the instrument. What must be determined is whether the person completing the instrument had the authority to do so. *First National Bank of McCook v. Hill*, 189 Neb. 581, 204 N.W.2d 90 (1973).

The validity of an incomplete instrument is presently governed by Tex. Bus. & Comm. Code Ann. § 3.115 (1968). That section provides as follows:

"§ 3.115. Incomplete Instruments

(a) When a paper whose contents at the time of signing show that it is intended to become an instrument is signed while still incomplete in any necessary respect it cannot be enforced until completed, but when it is completed in accordance with authority given it is effective as completed.

(b) If the completion is unauthorized the rules as to material alteration apply (Section 3.407), even though the paper was not delivered by the maker or drawer; but the burden of establishing that any completion is unauthorized is on the party so asserting."

Before the enactment of the Business and Commerce Code, the rule in Texas was that when a person delivered an incomplete instrument there was implied authority for the transferee to fill in the blanks. *Republic National Bank of Dallas v. Strealy,* 163 Tex. 36, 350 S.W.2d 914 (1961).

■ Section 3.115 does not expressly grant implied authority to a transferee to fill in incompleted blanks as did the Negotiable Instruments Act § 14 construed in *Strealy.* Nevertheless, the same result is reached by the placement of the burden of proof. Section 3.115 provides that the burden of establishing that any completion is unauthorized is on the party asserting the lack of authorization. The effect of the allocation of the burden of proof is to imply that the transferee has the authority to complete blanks in the instrument. *Holliday v. Anderson,* 428 S.W.2d 479 (Tex.Civ. App.1968, no writ); see, Teofan, *Commercial Transactions, Annual Survey of Texas Law,* 23 Sw. L. J. 88 (1969). This result is consistent with that reached in other jurisdictions under the Uniform Commercial Code § 3–115. In other jurisdictions, once the transferee completes the instrument, it will be enforced as though it was completed prior to signing. *Westerly Hospital v. Higgins,* 106 R.I. 155, 256 A.2d 506 (1969).

■ The question then is whether appellees met their burden by proving that Antrim did not have the authority to complete the instrument. The presumption of authorization is difficult to overcome. See, e.g., *In re Estate of Norris,* 532 P.2d 981 (Colo. App.1975). Appellees did not testify that they withheld authority from Antrim to complete the blanks in the note. The only testimony with respect to the authorization question was testimony by the appellees that they did not expressly give Antrim the authority to fill in the blanks. That testi-

mony, alone, will not overcome the presumption that Antrim had the authority to complete the blanks with respect to the date and the prematurity interest. *Hutcheson v. Herron,* 131 Ill.App.2d 409, 266 N.E.2d 449 (1970). Stated another way, there was no evidence that appellees withheld from Antrim authorization to complete the instrument.

The judgment is reversed and the cause is remanded for entry of judgment for Antrim for the amount of the note, attorney's fees, and interest.

Reversed and Remanded.