Milwaukee Petroleum Company, Plaintiff-Appellant, v. Glembin, and another, d/b/a Red Arrow DX Service.

Court of Appeals

*No. 77–806. Submitted on briefs January 17, 1979.—
Decided February 23, 1979.*
(Also reported in 278 N.W.2d 471.)

For the plaintiff-appellant the cause was submitted on the briefs of *Roy T. Traynor* of Wausau.

For the defendants-respondents the cause was submitted on the brief of *William A. Melby* of *Melby & Schiek, S.C.* of Rhinelander.

Before Dean, P.J., Donlin, J., and Foley, J.

FOLEY, J. Plaintiff's action is for collection of an open account debt and two promissory notes; one for $3,000 dated October 10, 1969 and the second for $11,-733.21 dated October 29, 1975. The notes evidenced antecedent obligations which were converted from defendants' open account with plaintiff. The trial court concluded plaintiff was not entitled to judgment on the two notes. We reach the opposite conclusion and do not consider the remaining issues raised by counsel.

The defense to the action on the notes was that they were incomplete at the time of signing and were completed without authority. A review of the record considering all disputed facts in favor of the defendants discloses that the notes were, when signed, incomplete in material respects as to the amount of the notes, the due dates and the interest rates. The 1969 note provided for interest at $7\frac{1}{2}\%$ per year and the 1975 note provided for interest at 7% per year. Defendants testified that they signed the notes to convert their open account balances, on which they were charged 12% interest, to a more favorable interest rate. The specific rate was not agreed upon or discussed, and the defendants did not know the amounts of their open account balances at the time the notes were signed.

The statute applicable to an action for collection of notes incomplete when signed is sec. 403.115, Stats., which provides:

**Incomplete Instruments.** (1) When a paper whose contents at the time of signing show that it is intended to become an instrument is signed while still incomplete in any necessary respect it cannot be enforced until com-

pleted, but when it is completed in accordance with authority given it is effective as completed.

(2) If the completion is unauthorized the rules as to material alteration apply (s. 403.407) . . . but the burden of establishing that any completion is unauthorized is on the party so asserting.

The statute clearly requires enforcement of a note as completed in the absence of proof that completion was unauthorized. In effect this creates a presumption of authority in the transferee to complete an incomplete note. *Antrim v. McMurrey*, 549 S.W.2d 463 (1977). Proof of the absence of an agreement to complete the note in a specific manner is not sufficient to defeat this presumption. Also, unauthorized completion is not proven where a general authorization to complete a note can be implied and the note is completed within the limits of the general authorization.

In applying sec. 403.115, the trial court properly considered whether either express or implied authority was granted and plaintiff does not question the trial court finding that there was no express authority. The absence of a specific agreement for completion of the notes was therefore proven by defendants. The trial court, however, also found that there was no implied authority. In support of this finding the trial court relied upon the fact that the defendant questioned the amounts inserted in the notes. Although we agree with the trial court that a dispute in the amount owing may have considerable bearing on the issue of implied authority, it is not controlling.

The mere fact of dispute does not establish that the inserted amounts were incorrect. We find nothing in the record to support any claim that the amounts con-

verted from defendants' open account to the notes were incorrect amounts. In the absence of such proof, where defendants understood some amounts would be converted from their open account with plaintiff, there was implied authority to insert whatever amounts were correct.

Having concluded there was implied authority to insert the amounts, the question remaining is whether there was implied authority to insert the interest rates and the dates for payment. We hold these insertions were also within the limits of the implied general authorization. With regard to the interest rates, the defendants testified that the notes were to provide a lower interest rate than the 12% payable on open account. The notes were completed to provide the lower interest rates of 7% and 7½%. Regarding the due dates for payment of the notes, at the time the notes were signed, the open account balances were presently due. The 1969 note provided ninety days for payment and the 1975 note was payable in one year. The notes as signed were printed form notes and contained blank lines for insertion of interest rates and payment dates and defendants raised no question at the time they signed the notes as to the specific interest rates or additional time to be granted for payment.

It was or should have been apparent to defendants that the notes required completion. The defendants, however, chose to sign the notes without discussing completion. Additionally, the notes were completed to provide a benefit to the defendants. The defendants understood they were to receive, and did receive, the benefit of a lower interest rate. With regard to the due dates, in each instance the defendants received the benefit of some additional time to make payments. Their failure to discuss

the specific insertions under these circumstances cannot be held to defeat the presumption of authority provided in sec. 403.115. When there are blank spaces in a note when it is signed, and the blank spaces are completed to the benefit of the maker and not contrary to any agreement,[1] we hold such completion to be within the implied general authority of the transferee.

Our construction of sec. 403.115 is consistent with the decision reached by the Texas Court of Appeals in *Antrim v. McMurrey, supra.* In that case the maker of the note in question gave no express authority to complete the note. The court held that the presumption of authority to complete the note with respect to the date and the prematurity interest was not overcome in the absence of evidence that the maker specifically withheld authority to complete the note. Our holding is also in accord with the official Uniform Commercial Code Comments to sec. 403.407, Stats., concerning alteration of instruments.[2]

*By the Court.*—The judgment is reversed and the case is remanded for entry of judgment in the amount of the two notes plus the open account together with interest to the date of judgment.

---

[1] Before Wisconsin adopted the Uniform Commercial Code, proof of completion of a note contrary to an express agreement was sufficient to prove that the completion was unauthorized. *Snyder v. Van Doren*, 46 Wis. 602, 1 N.W. 285 (1879). There is no indication §403.115 intended to change this holding.

[2] U.C.C. §3–407, Comment 3(b) (1972 version), *reprinted in* 40B W.S.A. 219 reads:

A material alteration does not discharge any party unless it is made for a fraudulent purpose. There is no discharge where a blank is filled in the honest belief that it is as authorized; or where a change is made with a benevolent motive such as a desire to give the obligor the benefit of a lower interest rate. Changes favorable to the obligor are unlikely to be made with any fraudulent intent . . . .