Elizabeth **FERGUSON**

v.

**WAYLAND MANOR ASSOCIATES et al.**

No. 99–485–Appeal.

Supreme Court of Rhode Island.

May 16, 2001.

Peter J. Cerilli, Providence, For Plaintiff.

Lauren D. Wilkins, George H. Rinaldi, Providence, For Defendant.

Present WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court on March 8, 2001, pursuant to an order directing both parties to appear and show cause why the issues raised in this appeal should not be summarily decided. The plaintiff, Elizabeth Ferguson (plaintiff or Ferguson), has appealed the grant of summary judgment entered in favor of the defendant, Wayland Manor Associates and Capstone Financial Services, Inc. d/b/a Capstone Properties (defendants or Capstone). After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown. We therefore shall decide the issues raised by the parties at this time. We vacate the judgment and remand the case to the Superior Court for trial.

This case arose as a result of injuries plaintiff suffered in a fire that occurred on April 13, 1994, in apartment 205 of the Wayland Manor apartment complex (Wayland Manor) at 500 Angell Street in Providence. The Wayland Manor is owned by Wayland Manor Associates and is managed by Capstone. The plaintiff was a tenant in Wayland Manor at the time of the fire, and resided in apartment 211. The fire originated in apartment 205, which was leased to Jason Borsky (Borsky)[1] and was located on the same hallway as plaintiff's apartment.

1. There appears to be some confusion about the name of the individual who resided in

As noted, the fire began in Borsky's apartment and smoke entered the common hallway adjacent to apartments 205 and 211. According to the fire investigator's report, plaintiff opened the door to her apartment and "heavy smoke and heated fire gases raced into her apartment." It is believed that plaintiff, an elderly woman, collapsed from the heat and smoke at her doorway. Ms. Ferguson was found by rescue workers and was taken to Rhode Island Hospital, and thereafter immediately transferred by medical helicopter to Norwalk Hospital in Norwalk, Connecticut. She was treated for heavy smoke inhalation and released after an eleven-day stay.

During the investigation, numerous empty cigarette packages, as well as drugs and drug paraphernalia, reportedly were found in Borsky's apartment. Borsky was questioned several times by the fire investigator about the cause of the fire. Contrary to the inspector's suspicions, Borsky told the investigator that he had not smoked a cigarette that evening, and denied the use of drugs. Rather, Borsky told prior to retiring for the night, he sat and warmed himself with a portable heater that a clerk at Wayland Manor provided for him. He further told investigators that he awoke to see a fire under the chair and thought the wires of the heater were burning.[2] The investigator concluded that the fire originated under a metal chair located near a window. Based on his findings, the investigator opined that the fire may have been the result of possible drug use or careless smoking. At the conclusion of the investigation, the investigator determined that the rapid spread of the fire was caused by "a careless act of the occupant, who either misplaced, dropped, or left unattended, some type of smoking material or heat source which ignited the combustibles near and around the chair and milk crates."[3]

The plaintiff filed a personal injury action against defendants on October 11, 1995, seeking to recover for injuries suffered during the fire. The plaintiff's single-count complaint set forth two theories to support her allegation that defendants' negligence proximately caused the fire that resulted in her injuries. First, plaintiff asserted that defendants knew or should have known that Borsky's tenancy presented a nuisance and danger to other tenants based upon his violation of the rules and regulations of Wayland Manor, such that Borsky should have been removed or evicted.[4] Second, plaintiff asserted that defendants negligently supplied Borsky with inappropriate and

apartment 205. The complaint refers to the tenant as "Jay Samborski," while the lease identifies the tenant as "Jason Borsky." For the purposes of this opinion he shall be referred to as "Jason Borsky," the name which appears on the lease agreement.

2. The only evidence of these comments can be found in the fire investigator's report because Borsky could not be found to testify.

3. Aside from the substantial clutter in the apartment, upon discovering the fire Borsky reportedly threw some clothing on the flames, which instantly ignited, adding to the fire. In addition, he opened the front window and door of the apartment in an attempt to clear the smoke into the hallway; this, however, provided more oxygen to the fire and assisted the rapid spread of the flames. We note, however, that although we find Borsky's actions during the fire to have been less than prudent, the investigator's report noted that Borsky did not intend to set his apartment or the complex on fire.

4. Although Borsky's lease was terminated in May 1994, after the fire, plaintiff contends the fire never should have occurred because, under the terms of Borsky's lease, defendants should have evicted him before the fire based on the numerous complaints against him concerning excessive noise, property damage and parking violations.

unsafe heating equipment, the portable heater, thereby creating a nuisance and dangerous condition on the premises of Wayland Manor.

On March 29, 1999, defendants filed a motion for summary judgment. In opposing the defendants' motion, plaintiff presented the court with various documents, including an affidavit of Thomas Haynes (Haynes), plaintiff's expert witness in the area of fire investigation. Mr. Haynes testified that, based upon his review of documents, materials, and reports compiled in connection with the April 1994 fire, he concluded "to a reasonable degree of scientific certainty and probability" that a faulty "quartz type" portable heater was "the most probable cause of the fire." The motion was heard in Providence County Superior Court on October 12, 1999. The trial justice granted defendants' motion based on her determination that plaintiff's expert affidavit was insufficient and inadmissible at trial. The plaintiff filed a timely appeal.

Before this Court, plaintiff argued that the trial justice erred in granting summary judgment because her expert witness testified to a reasonable degree of certainty and probability, and, thus, raised a genuine issue of material fact about the cause of the fire. In addition, plaintiff asserted that there are disputed factual issues concerning defendants' alleged breach of their common law and contractual duties to provide safe premises to the tenants of Wayland Manor.

## Standard of Review

"It is well settled that this Court reviews the granting of a summary judgment motion on a *de novo* basis." *M & B Realty, Inc. v. Duval*, 767 A.2d 60, 63 (R.I.2001) (citing *Marr Scaffolding Co. v. Fairground Forms, Inc.*, 682 A.2d 455, 457 (R.I.1996)). "In conducting such a review,

we are bound by the same rules and standards as those employed by the trial justice." *M & B Realty, Inc.*, 767 A.2d at 63 (citing *Rotelli v. Catanzaro*, 686 A.2d 91, 93 (R.I.1996)). "[A] party who opposes a motion for summary judgment carries the burden of proving by competent evidence the existence of a disputed material issue of fact and cannot rest on allegations or denials in the pleadings or on conclusions or legal opinions." *Accent Store Design, Inc. v. Marathon House, Inc.*, 674 A.2d 1223, 1225 (R.I.1996). If affidavits are presented to the court, the affidavits must "set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Super. R. Civ. P. 56(e). "To oppose a motion for summary judgment successfully, a party need only provide the trial justice with evidence that, when viewed in the light most favorable to that party, establishes the existence of a genuine issue of material fact." *Ferro v. Volkswagen of America, Inc.*, 588 A.2d 1047, 1049 (R.I.1991) (citing Super R. Civ. P. 56; *People's Trust Co. v. Searles*, 486 A.2d 619, 620 (R.I.1985)).

## Discussion

■ We disagree with the conclusion of the hearing justice that the affidavit of plaintiff's expert witness failed to articulate sufficient facts to overcome summary judgment or was otherwise insufficient. Rule 703 of the Rhode Island Rules of Evidence provides that an expert witness's opinion is sufficient if it is based on

"facts or data perceived by the expert at or before the hearing, or facts or data in evidence[, and, the facts or data are] of a type reasonably and customarily relied upon by experts in the particular field in forming opinions upon the subject, the underlying facts or data shall be admissible without testimony from the primary source."

This Court has recognized that when opinion testimony offered in an affidavit rests solely on an examination of third-party reports, and the conclusions developed in the affidavit are reliant on the documents and reports prepared by others, this testimony is properly classified as expert opinion testimony under Rule 702 of the Rhode Island Rules of Evidence. *Rhode Island Insurers' Insolvency Fund v. Leviton Manufacturing Co.*, 763 A.2d 590, 596 (R.I. 2000).

Further, it is axiomatic that the court's role during summary judgment is issue finding, not issue determination. *Capital Properties, Inc. v. State*, 749 A.2d 1069, 1080 (R.I.1999) (citing *Industrial National Bank v. Peloso*, 121 R.I. 305, 307, 397 A.2d 1312, 1313 (R.I.1979)). Accordingly, when an expert affidavit is presented to a trial justice on a motion for summary judgment, the trial justice's treatment of the affidavit, as well as the treatment of all other relevant documents, is limited to examining it in the light most favorable to the nonmoving party to determine whether or not it raises a material issue of fact. Thus, the trial justice's belief in the reliability of the opinion or her impression of the expert is wholly irrelevant to this analysis. Such an opinion is more appropriate to a determination of the weight that should be accorded to the evidence, rather than the admissibility of the expert's opinion, and has no place at a hearing on summary judgment. We have frequently held that to be admissible, an expert must testify in terms of probability and not possibility. *See Simon v. Health–Tex, Inc.*, 490 A.2d 50, 51 (R.I.1985) (expert must speak in terms of probabilities rather than possibilities or feelings); *Montuori v. Narragansett Electric Co.*, 418 A.2d 5, 10 (R.I.1980) (expert testimony must provide jury with a sufficiently probative evidentiary basis); *Sweet v. Hemingway Transport, Inc.*, 114 R.I. 348, 355, 333 A.2d 411, 415 (1975) (where expert testimony is relied on to show that out of several potential causes the result came from one specific cause, testimony must report that result most probably came from the alleged cause).

Here, plaintiff provided the court with an expert affidavit prepared by Haynes, a licensed fire investigator and certified fire marshall/inspector of the Connecticut State Police. Haynes testified that his opinion was based on a review of the investigator's report (report), the depositions, and physical evidence. At the conclusion of his affidavit, Haynes opined to a reasonable degree of scientific certainty and probability that the fire on April 13, 1994 was caused by the quartz heater found in apartment 205 by investigators. In rejecting the affidavit, the trial justice stated,

"part of the [plaintiff's] problem is that [her expert's opinion] would not be admissible, and one of the requirements on a motion for summary judgment is that you come forward with evidence that would be admissible which supports elements of the claim. I have a generic sort of affidavit from your fire expert. It doesn't articulate any of these facts which I am trying to get to. It doesn't show a conclusion, but points to an eyewitness's report and a heap of other materials. * * * I'm hearing what your unsupported allegations are, but I'm not hearing anything from your expert. I'm not seeing anything from your expert that indicates that he believes the heater was plugged in and this blown fuse is some indication that the wires were faulty." [5]

5. This Court is of the opinion that the trial justice's treatment of plaintiff's affidavit was too harsh. Although we are satisfied that the affidavit was sufficient, the trial justice was

Although the trial justice concluded that the expert's opinion "would not be admissible," she failed to articulate any reason for this determination. She further found that the affidavit "doesn't show a conclusion," but rather pointed to "eyewitness reports and a heap of other materials," but failed to articulate his belief that "the heater was plugged in * * *." However, it is clear from the record that defendants did not challenge Haynes's qualification as an expert, and we are of the opinion that Haynes relied upon appropriate data in formulating his expert opinion.

From our review of the record, we conclude that the trial justice erred in rejecting Haynes's affidavit. First, it is well settled, that the facts or data relied upon by the expert "need not be admissible in evidence if they are 'of a type reasonably relied upon by experts in a particular field in forming opinions or inferences upon the subject.'" Rhode Island Rules of Evidence, Rule 703 advisory committee's note. Second, when viewed in conjunction with other evidence presented during the summary judgment hearing, the affidavit, viewed in the light most favorable to plaintiff, established a *prima facia* case and raised a genuine issue of material fact about the cause of the fire. Specifically, the report identified that fire investigators discovered a blown thirty-amp fuse in the fuse box of apartment 205, the apartment where the fire originated. The report also indicated that Borsky consistently maintained that the quartz heater started the fire. Further, the investigator's report did not specifically exclude the quartz heater as the cause of the blaze. Rather, the investigator concluded that "the cause of the fire was a result of a careless act of the occupant, who either misplaced, dropped, or *left unattended,* some type of smoking

material *or heat source.*" (Emphases added.)

In addition to the Haynes affidavit, we note the existence of other evidence concerning the quartz heater that raised genuine issues of material fact. First, the issue of who supplied the heater to Borsky was hotly contested. Assuming that defendants provided the heater, the issue of whether defendants were negligent in supplying a portable quartz heater to a tenant to correct a heating problem was also raised by the pleadings.

In granting defendants' motion for summary judgment, the trial justice held that for plaintiff to defeat summary judgment, she must provide the court with some evidence demonstrating that the quartz heater was defective. However, this Court has never held that a nonmoving party is required to establish the presence of a defect to defeat a motion for summary judgment. Cf. *Westerly Hospital v. Higgins,* 106 R.I. 155, 161, 256 A.2d 506, 509 (1969) (nonmoving party must allege sufficient factual circumstances which, if proved, constitute a defense to the moving party's claim). Rather, it may be sufficient for plaintiff to show that defendants had a contractual duty to provide heat and either failed to do so, or negligently supplied a portable heater to temporarily remedy the problem.

■ At the motion hearing, the hearing justice was provided with the deposition testimony of plaintiff, who stated, pursuant to paragraph three of the Wayland Manor lease agreement, defendants were required to provide heat to the tenants and to "exercise reasonable diligence" in correcting heating problems. In addition, the fire investigator's report reflected Borsky's statement that defendants supplied him with the space heater and the space heater

not. However, notwithstanding her determination, at a minimum plaintiff's request for

additional time to present a proper affidavit should have been granted.

was the source of ignition. We are satisfied that this evidence is sufficient to establish a material issue of fact concerning whether defendants failed to provide their tenants with heat, or, failed to exercise reasonable diligence in safely correcting heat problems and that defendants' negligence was a proximate cause of plaintiff's injuries.

## Conclusion

Based upon the foregoing, we are satisfied that the plaintiff raised genuine issues of material fact sufficient to defeat a motion for summary judgment. We conclude that the trial justice was clearly wrong in rejecting the Haynes affidavit on the ground that it was not admissible or was otherwise insufficient. In addition, we hold that the evidence presented to the court, including the Haynes affidavit and the fire investigator's report, established the existence of factual issues concerning the defendants' alleged breach of the duty to supply heat to its tenants, whether defendants provided Borsky with the quartz heater, and whether the heater was the source of the fire on April 13, 1994.

For the reasons set forth herein, the plaintiff's appeal is sustained. The judgment is vacated and the papers in this case are remanded to the Superior Court for trial.